731 F.2d 754
 116 L.R.R.M. (BNA) 2407
 Eileen O. HALLOCK, Plaintiff-Appellant,
v.
Colonel Charles C. MOSES, Rt., Individually; Major General
Robert Moore, Individually and in his official capacity as
chief-of-staff of the U.S. Army Missile Command, Etc., Major
Jeffrey Frey, et al., Defendants-Appellees.
 No. 83-7241.
 United States Court of Appeals,
Eleventh Circuit.
 May 3, 1984.
 
 Susan W. Reeves, Birmingham, Ala., for plaintiff-appellant.
 Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.
 HATCHETT, Circuit Judge:
 
 
 1
 In this federal employment dispute, we review the district court's order dismissing appellant, Eileen O. Hallock's amended complaint alleging deprivation of her due process and equal protection rights secured by the fifth amendment, her freedom of speech right guaranteed by the first amendment, and other rights granted her by 5 U.S.C.A. Sec. 2302 (West Supp.1984). We affirm.
 
 Facts
 
 2
 On August 7, 1980, appellee, Colonel Charles C. Moses, removed Hallock from her position as secretary to the chief-of-staff at the Redstone Arsenal in Huntsville, Alabama. Hallock filed an administrative grievance at the direction of the Equal Employment Opportunity Office at the Redstone Arsenal.
 
 
 3
 In January, 1981, while processing Hallock's administrative grievance, the investigating officer concluded that Hallock had been improperly removed from her position. As a result, Hallock was reinstated as secretary to the chief-of-staff.
 
 
 4
 During the relevant time, Major General Robert Moore served as the commander of the United States Army Missile Command located in Huntsville, Alabama, and he supervised Charles Moses. Charles Moses and Jeffrey Frey supervised Hallock.
 
 
 5
 On or about March 2, 1981, appellees, Moses and Frey, allegedly engaged in a campaign of harassment and retaliation against Hallock because she filed a valid employee grievance and spoke out in opposition to unlawful acts suffered by her.
 
 
 6
 With regard to this grievance, Hallock notified the Department of Army, Office of Employment Policy and Grievance Review (Department) and attempted to report the harassment. The Department advised Hallock of remedies available to her under the Age Discrimination in Employment Act.
 
 
 7
 On March 12, 1982, Hallock filed a complaint in the district court requesting that the court enjoin appellees' harassment and retaliation against her, that she be reinstated to the same duties and responsibilities which she had prior to removal from her position by Moses, that she be given the same staff assistance that she was given prior to her removal by Moses and, among other things, that she be awarded $25,000 in compensatory and punitive damages against appellees, Frey and Moses, for their unlawful activity.
 
 
 8
 On May 17, 1982, appellees filed a Motion to Dismiss with accompanying affidavits. Among the affidavits was that of Charles L. Ray, a civilian employee of the Department of Army, who served as chief of the Military Command Equal Employment Opportunity Office.
 
 
 9
 Ray had responsibility for the administration of the Equal Employment Opportunity program (EEO) under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and various administrative regulations implementing these acts.
 
 
 10
 As part of his responsibilities, Ray received complaints directly from employees and was custodian of the records of the EEO office. Ray stated that Hallock filed her informal complaint on September 18, 1980, and had her final interview on October 8, 1980, but failed to file a formal complaint within fifteen days of her final interview, pursuant to 29 C.F.R. Sec. 1613 (1983).
 
 
 11
 Ray further stated that subsequent to Hallock's first complaint dated September 18, 1980, Hallock filed no formal or informal discrimination complaints or any other request for administrative relief through the EEO office.
 
 
 12
 Affiant, Luther F. Adams, stated that he was a civilian employee of the Department of Army, and that during all relevant times, he served as the United States Army Missile Command chief of civilian personnel. He further stated that he was responsible for receiving administrative grievances directly from employees pursuant to civilian personnel regulations and the union agreement.
 
 
 13
 Adams stated that on September 18, 1980, Hallock filed a grievance under the provisions of article 8 of the union agreement in connection with her transfer from the office of the chief-of-staff, and that pursuant to a commanding general's Letter of Decision, Hallock was reinstated.
 
 
 14
 Adams further stated that Hallock accepted her reinstatement as secretary to the chief-of-staff, and although advised of her right to seek arbitration, she did not do so. Thus, other than the September 18, 1980, grievance, Hallock filed no grievance or other request for administrative relief with the Military Command Civilian Personnel Office.
 
 
 15
 In an order entered October 6, 1982, the district court dismissed, with prejudice, Hallock's 42 U.S.C.A. Sec. 1983 (West 1974) and fourteenth amendment claims. The court treated appellees' Motion to Dismiss, with regard to Hallock's fifth amendment claim, as a Motion For a More Definite Statement and, as such, the motion was granted.
 
 
 16
 Pursuant to the court's order, Hallock filed an amended complaint which alleged violations, by appellees, under the first amendment, fifth amendment, and 5 U.S.C.A. Sec. 2302 (West Supp.1984). In her amended complaint, Hallock alleged that appellees had violated her right of free speech because appellees had harassed her for filing a valid employee grievance and speaking out in opposition to unlawful acts suffered by her.
 
 
 17
 Additionally, Hallock asserted that she had a first and fifth amendment right not to suffer retaliation, downgrading in performance ratings, loss of duties, or any other form of harassment in her employment because she filed a grievance involving her federal employer.
 
 
 18
 Hallock concedes that 5 U.S.C.A. Sec. 2302 prohibits reprisal for disclosing information which the employee believes evidences unlawfulness, but asserts that no law provides her a private cause of action or remedy against appellees.[1] In her amended complaint, Hallock did not allege that she was removed from her position as secretary to the chief-of-staff or that her salary was reduced. Hallock, however, sought compensatory and punitive damages of $25,000, costs, expenses, and reasonable attorney's fees.
 
 
 19
 Appellees moved the court to dismiss Hallock's amended complaint. Appellees' motion alleged, among other things, that Hallock had failed to exhaust her administrative remedies under federal statutes and grievance procedures, and that her amended complaint failed to state a claim upon which relief could be granted. The court granted appellees' motion. From this adverse ruling, Hallock appealed.
 
 
 20
 The sole issue on review is whether a judicial remedy is available to Hallock at this point in her dispute with her federal employer.
 
 Discussion
 
 21
 In resolving this issue, Bush v. Lucas, --- U.S. ----, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), has precedential and authoritative value. The facts in Bush bear a notable resemblance to those in this case. Resolving a similar issue in Bush, the Court stated:
 
 
 22
 The question is not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step-by-step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue.
 
 
 23
 Bush, --- U.S. at ----, 103 S.Ct. at 2416, 76 L.Ed.2d at 664. We, like the Court in Bush, do not decide whether it would be good policy to permit a federal employee to recover damages from a supervisor who has improperly disciplined him for exercising his first amendment rights. Id. at ----, 103 S.Ct. at 2417, at 665. Congress is in a better position to decide whether the public interest would be served by fashioning the judicial remedy urged by Hallock. Thus, we decline "to create a new substantive legal liability without legislative aid." Id. (quoting United States v. Standard Oil Co., 332 U.S. 301, 302, 67 S.Ct. 1604, 1605, 91 L.Ed. 2067 (1947)).
 
 
 24
 Hallock requests that the court enjoin appellees' harassment and retaliation against her,[2] that she be reinstated to the same duties and responsibilities which she had prior to her transfer, that she be given the same staff assistance that she had prior to her transfer, and that she not receive downgrading in her performance ratings.
 
 
 25
 Appellees contend that Hallock was not harassed or subjected to retaliation. Additionally, appellees contend that Hallock was properly assigned duties within her job description. This is a classic federal employment dispute of the type anticipated by Congress when it enacted the procedures in 5 U.S.C.A. Sec. 2302 (West Supp. 1984).
 
 
 26
 A federal employee may ask for a job audit at any time.[3] Hallock, therefore, should request a job audit under the appropriate civil service provision(s) and follow the remedial system constructed by Congress to give federal employees, in Hallock's position, appropriate relief. We affirm the judgment of the district court.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 This statute lists prohibited personnel practices. Among the activities listed as prohibited are those in 5 U.S.C.A. Sec. 2302(b)(8) (West Supp.1984):
 (8) take or fail to take a personnel action with respect to any employee or applicant for employment as a reprisal for--
 (A) a disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences--
 (i) a violation of any law, rule, or regulation, or
 (ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,
 if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs; or
 (B) a disclosure to the Special Counsel of the Merit Systems Protection Board, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures, of information which the employee or applicant reasonably believes evidences--
 (i) a violation of any law, rule, or regulation, or
 (ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety[.]
 
 
 [2]
 The parties agree that appellees, Moses and Frey, no longer work in a supervisory capacity over Hallock
 
 
 [3]
 Appellees made this assertion at oral argument