765 F.Supp. 995 (1991)
Frank BARHORST, Jr., Plaintiff,
v.
John O. MARSH, Jr., Secretary of the Army, et al., Defendants.
No. 89-377C(6).
United States District Court, E.D. Missouri, E.D.
June 19, 1991.
*996 Louis Gilden, St. Louis, Mo., for plaintiff.
Wesley Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Major Cathy Cates, Office of the Judge Advocate General, Dept. of the Army, Washington, D.C., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss in part, or, in the alternative, for summary judgment. Defendants *997 move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Secretary of Defense from this action as an improper defendant. Defendants further move for the dismissal, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), of plaintiff's claims under the Fifth Amendment and the Privacy Act, 5 U.S.C. § 552a(a)(5).
Plaintiff, a GS-13 Aerospace Engineer at the U.S. Army Aviation Systems Command (AVSCOM), St. Louis, Missouri, applied but was not selected for a GM-14 Aerospace Engineer position in May 1986. He filed an Equal Employment Opportunity (EEO) discrimination complaint on July 8, 1986, alleging age discrimination in connection with his nonselection. The complaint was investigated by the United States Army Civilian Appellate Review Agency (USACARA), which concluded on June 27, 1987 that the charge of discrimination was not supported by the evidence and recommended that plaintiff's request for relief be denied. Plaintiff appealed to the Equal Employment Opportunity Commission (EEOC), and on May 9, 1988 the EEOC Administrative Judge also recommended a finding of no discrimination. On August 15, 1988, the Department of the Army adopted the Administrative Judge's recommended finding of no discrimination. Plaintiff appealed to the EEOC, which issued its final decision of no discrimination on February 14, 1989.
In November 1987, AVSCOM issued Job Opportunity Announcement (JOA) Number 87-378 to recruit for Supervisory Aerospace Engineer, GM-14 positions. Plaintiff applied by submitting a SF-171 (Personal Qualification Statement) (Def.Ex. 1), and DRSTS Form 1050 (Supplemental Experience Statement) (Def.Ex. 2). Mr. Leslie J. Heppler, plaintiff's former supervisor, was requested by the Civilian Personnel Office to submit an assessment of plaintiff's potential for supervisory positions on AMSAV-R Form 2915 (Qualifications Analysis and Assessment of Potential for Supervisory Positions) (Def.Ex. 3). Mr. Heppler's assessment reflected his opinion that plaintiff lacked certain management and supervisory skills.
A three member panel rated and ranked the applicants based on each applicant's SF-171 and DRSTS Form 1050. Mr. James J. Schwartz, a Personnel Staffing Specialist assigned to the AVSCOM Civilian Personnel Office, served as advisor to the panel. He reviewed each applicant's AMSAV-R Form 2915, totalled the scores as given by the supervisor and added that total to the score given by the panel. The panel then placed the applicants in rank order and determined the break point for referral.
In December 1987, a DA Form 2600, Referral and Selection Register, was issued, and the seven best qualified candidates were referred for selection consideration (Def.Ex. 4). Plaintiff was not among the seven candidates referred. Two persons were selected from that referral list. A second referral list was issued in March 1988 (Def.Ex. 5), referring the five best qualified candidates. Again, plaintiff was not referred and therefore not selected. One person was selected from the second list.
Plaintiff filed a second EEO complaint on May 10, 1988, alleging that in reprisal for his prior EEO complaint, he was given an unfavorable assessment of his supervisory abilities and, as a result, denied referral. USACARA investigated the complaint and issued a recommended finding of no discrimination on January 26, 1989. No proposed or final agency decision was rendered prior to plaintiff's filing suit.
Plaintiff filed suit on March 1, 1989, alleging: 1) that his non-selection to the GS-14 Aerospace Engineer position in 1986 was motivated by age discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. § 633a), and 2) that the forwarding of an adverse supervisory assessment and the failure to refer him for promotion for three GS-14 Supervisory Aerospace Engineer positions was in retaliation for his prior complaint and violated his fifth amendment right to due process. Plaintiff also alleges that the forwarding of the assessment without his knowledge was a violation of the Privacy Act, 5 U.S.C. § 552a. In his judicial complaint, plaintiff named both the Secretary of the Army and *998 the Acting Secretary of Defense as defendants.
In Count II of his complaint plaintiff alleges a retaliatory denial of his fifth amendment due process rights arising from 1) defendant's use of AMSAV-R Form 2915 in reaching its decision concerning referral; 2) defendant's failure to refer him for promotion; and 3) his non-promotion. Defendants contend that Count II is preempted by the ADEA or by the Civil Service Reform Act (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 United States Code). The Court finds it unnecessary to reach the issue of preemption under the ADEA, because the remedies available under the CSRA are sufficient to preempt plaintiff's constitutional claim.
The CSRA provides varying degrees of procedural protection corresponding to the seriousness of the personnel action taken. "Minor" personnel actions, such as appointments, or non-promotions are reviewed by the Office of the Special Counsel (OSC). 5 U.S.C. § 2302(a)(2)(A)(i). The CSRA does not provide for judicial review of the actions of the OSC. See Pinar v. Dole, 747 F.2d 899, 906-08 (4th Cir.1984), cert. denied, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985).
The CSRA expressly recognizes a remedy for constitutional challenges by job applicants. See 5 U.S.C. §§ 2301(b)(2) and 2302. Alleged constitutional violations and other personnel practices prohibited by the CSRA are investigated by the Special Counsel for the Merit Systems Protection Board who has the authority to recommend corrective action to the agency involved and to the MSPB. 5 U.S.C. § 1206(a)-(c).
Plaintiff here contests certain "minor" personnel actions, non-referral and non-promotion, as violative of his constitutional right to due process of law. CSRA clearly provides a remedy for these alleged wrongs in the form of a request for investigation by the OSC. Plaintiff has not sought review by the OSC and contends that this remedy is inadequate to redress the alleged constitutional violation.
Plaintiff's argument is of no avail. Congress' explicit reference to constitutional rights in the CSRA and its provision of a limited remedy in the form of an OSC investigation demonstrate that the omission of a damages remedy for plaintiff's alleged constitutional wrong was not "inadvertent." Schweiker v. Chilicky, 487 U.S. 412, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988). Therefore, to the extent that plaintiff seeks money damages or a Bivens remedy for the due process violations alleged in Count II, his recovery is foreclosed by the holdings in McIntosh v. Weinberger, 810 F.2d 1411 (8th Cir.1987), cert. granted, judgement vacated sub nom., Turner v. McIntosh, 487 U.S. 1212, 108 S.Ct. 2861, 101 L.Ed.2d 898 (1988); on remand, 861 F.2d 524, 526-27 (8th Cir.1988); Spagnola v. Mathis, 859 F.2d 223, 228-29 (D.C.Cir. 1988).
The availability of equitable remedies for the constitutional violation alleged by plaintiff is a matter of dispute among the circuit courts of appeal. Compare Pinar v. Dole, 747 F.2d 899, 912 (4th Cir.1984) (holding that the CSRA forecloses judicial review of constitutional claims relating to minor personnel actions), cert. denied, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); Hallock v. Moses, 731 F.2d 754, 757-58 (11th Cir.1984) (dismissing constitutional claim for equitable relief); Braun v. United States, 707 F.2d 922, 926-27 (6th Cir.) (dismissing claims for equitable relief under 5 U.S.C. § 702), cert. denied sub nom., Hardrich v. United States, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983); Broadway v. Block, 694 F.2d 979, 986 (5th Cir.1982) (holding that minor personnel actions are "committed to agency discretion by law" within the meaning of 5 U.S.C. § 701(a)(2)) with Spagnola v. Mathis, 859 F.2d at 229-30 and cases cited therein.
In the absence of a holding on the specific issue from the Eighth Circuit Court of Appeals, this Court finds itself constrained to follow the weight of the authority rejecting the availability of an equitable remedy in such cases. Moreover, the Court notes that the equitable relief plaintiff seeks in Count II is duplicative of the equitable relief available to him under the ADEA. *999 See 29 U.S.C. § 633a(c); 42 U.S.C. § 2000e-5(g). Therefore, plaintiff's claim for equitable relief under Count II of his complaint will be dismissed.
Plaintiff has named the Secretary of the Army and the Secretary of Defense as defendants in this action. Defendants move to dismiss the Secretary of Defense as a party to this action asserting that only the Secretary of the Army is a proper party defendant.
The only proper defendant in an employment discrimination action by a government employee is the head of the department, agency or unit. See 42 U.S.C.A. § 2000e-16(c); Warren v. Dep't of Army, 867 F.2d 1156, 1158 (8th Cir.1989); see also Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir.1986) (holding that "42 U.S.C. § 2000e-16(c) identifying the proper defendant in Title VII discrimination actions also applies to age discrimination claims brought under the ADEA"). Accordingly, plaintiff's claim against the Secretary of Defense will be dismissed.
Plaintiff also seeks damages pursuant to 5 U.S.C. § 552a(g)(1)(C) charging that defendants' creation of and reliance upon the AMSAV 2915 form without his knowledge or consent violated 5 U.S.C. § 552a(b), 5 U.S.C. § 552a(e)(1)-(3), (5)-(6) & (10). Plaintiff also contends that defendants transmitted the document to the selection committee despite their knowledge of its inaccuracy and its potential to adversely affect plaintiff's right to secure a promotion. Complaint at ¶ 25.
The gravamen of plaintiff's Privacy Act Claim is apparently that the opinions expressed in the AMSAV 2915 form are inaccurate and should not have been used as a basis for refusing to refer him for promotion. The essence of plaintiff's claim is therefore an alternative challenge to the personnel decision to deny him a promotion.
"The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials ... as ... reflected in records maintained by federal agencies." Pellerin v. Veterans Administration, 790 F.2d 1553, 1555 (11th Cir.1986) (quoting Rogers v. United States Dep't of Labor, 607 F.Supp. 697, 699 (N.D.Cal. 1985)). In addition, the Privacy Act is not a "springboard for launching a collateral attack" on federal personnel management decisions. Kleiman v. United States Dep't of Energy, 742 F.Supp. 697, 699 (D.D.C.1990). Where, as here, an employee challenges the propriety of an agency's personnel decisions, he must look to the CSRA and not the Privacy Act to obtain redress. See id. The CSRA remedial scheme is the "comprehensive system for reviewing personnel action taken against federal employees". United States v. Fausto, 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988). The remedies provided by "[t]he Privacy Act [were] not intended to shield [federal] employees from the vicissitudes of federal personnel management decisions." Albright v. United States, 732 F.2d 181, 190 (D.C.Cir.1984).
Assuming arguendo that plaintiff's Privacy Act claim is not precluded by the CSRA remedy available to him, the Court concludes that he would be unable to state a claim for recovery under the Privacy Act. In order to state a claim for damages under the Privacy Act, plaintiff must demonstrate a willfull or intentional failure to maintain accurate records. Tuesburg v. United States Dep't of Housing & Urban Dev., 652 F.Supp. 1044, 1048 (E.D.Mo.1987). He must further demonstrate a "causal relationship between the allegedly erroneous record and an adverse determination based on that record." Hubbard v. United States E.P.A. Administrator, 809 F.2d 1, 5 (D.C.Cir.1986). Even if the Court were to conclude that the opinions espoused by plaintiff's supervisor in the AMSAV 2915 form were inaccuracies within the meaning of the Act, plaintiff cannot demonstrate that he would have been promoted "but for" the inclusion of the form in his file because other factors were considered in the promotion determination.
The Court also agrees with defendants' contention that the AMSAV 2915 form is not contained in a "system of records" as defined in the Privacy Act. The protections *1000 of the Privacy Act extend only to documents or records contained within a "system of records." See 5 U.S.C. § 552a(a)(5). The statute defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying ... particular ... assigned to the individual." 5 U.S.C. § 552a(a)(5) (emphasis supplied). Upon review of the affidavits offered by the parties the Court finds that the AMSAV 2915 form is retrieved by job announcement numbers and not by the individual's name. Plaintiff's contention that the AMSAV 2915 form on "a particular individual is easily retrieved by reference to the employee's name within the promotion file" is unavailing because the "mere potential for retrieval" by name or other identifier is insufficient to satisfy the "system of records" requirement. See Fagot v. Federal Deposit Ins. Corp., 584 F.Supp. 1168, 1175 (D.P.R.1984). Inasmuch as the AMSAV 2915 form is not accessed by name or other identifying particular, and hence not contained within a "system of record," the Privacy Act's protections do not apply to its alleged disclosure.
On the basis of the foregoing, the Court concludes that plaintiff's complaint under the Privacy Act should be dismissed.

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that defendants' motion to dismiss the Secretary of Defense as a party defendant herein shall be and it is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss Counts II and III of plaintiff's complaint shall be and it is granted.