Brenda HICKS, Plaintiff,

v.

Jesse BROWN, Secretary of Veterans Affairs; Karen Hamilton; Linda Rickel; Donna Edwards; Michael Berube and Donald Hendricks, Defendants.

No. LR–C–95–568.

United States District Court,
E.D. Arkansas,
Western Division.

May 16, 1996.

Morgan E. Welch, Welch & Adcock, Little Rock, AR, for plaintiff.

Richard M. Pence, Jr., U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, AR, for defendants.

*MEMORANDUM OPINION AND ORDER*

SUSAN WEBBER WRIGHT, District Judge.

This is a case of alleged employment discrimination and is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (*Bivens*), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* The matter is before the Court on motion of the defendants to dismiss and, in the alternative, motion for summary judgment on count II of the complaint [doc. # 20]. The plaintiff has responded in opposition to the motion [doc. # 25] and the defendants have filed a reply to plaintiff's response [doc. # 30]. For the reasons that follow, the Court finds that defendants' motion to dismiss and, in the alternative, motion for summary judgment on count II of the complaint should be and hereby is granted.

I.

Plaintiff Brenda Hicks has been an employee of the Department of Veteran's Affairs (VA) since 1979 and currently works as a staff nurse at the John L. McClellan Veterans Administration Medical Center in Little Rock, Arkansas. Her husband is Allen W. Hicks, a disabled veteran of the Vietnam War who has a 100% service-connected psychiatric disability.

Plaintiff states that her husband is well known to the local VA system as having filed suit and as having a confrontational relationship with VA personnel. In this regard, the complaint refers to two lawsuits filed by Mr. Hicks against the VA or VA employees. In the first lawsuit, which was filed on April 26, 1989 in the U.S. District Court for the Eastern District of Arkansas, Mr. Hicks claimed his VA disability benefits were reduced because of the exercise of his First Amendment rights. The judge to whom the case was assigned agreed and entered judgment in favor of Hicks on his constitutional claim. On appeal, the Eighth Circuit reversed, concluding that the district court had no jurisdiction to hear Hicks' case. *Hicks v. Veterans Administration,* 961 F.2d 1367 (8th Cir. 1992). The court determined that Hicks' claim that unconstitutional retaliatory conduct was the cause of the reduction of his disability rating and benefits was essentially a challenge to the reduction of benefits on a constitutional basis and, as such, was encompassed by the Veterans Judicial Review Act (VJRA) of 1988 and not reviewable in any manner other than by the review mechanism set forth in Chapter 72 of Title 38. *Id.* at 1370. Nevertheless, the VA, acting pursuant to Mr. Hicks' request for administrative review, set aside the reduction of Hicks' disability rating and restored his benefits at the 100% disability level retroactive to the date of the reduction. *See id.* at 1368 n. 1.

The second lawsuit brought by Mr. Hicks was a *Bivens* action against a VA doctor, Dr. Elisabeth Small, and also was filed in the U.S. District Court for the Eastern District of Arkansas. Mr. Hicks alleged in his complaint, which was filed on June 30, 1991, that Dr. Small prevented him from contacting his congressional representatives to complain about his treatment by Dr. Small and the VA Medical Center at Reno, Nevada. Hicks further alleged that Dr. Small attempted and for a period of time succeeded in reducing his benefits in retaliation for his complaints. Hicks' complaint stated a *Bivens* claim against Dr. Small for violation of his First and Fifth Amendment rights and a state tort claim of outrage or intentional infliction of emotional distress. On September 11, 1992, the judge to whom the case was assigned found that venue and personal jurisdiction were lacking in Arkansas but existed in Nevada and, thus, transferred the case to the U.S. District Court for the District of Nevada. That court, on defendant's motion to dismiss, determined that the VJRA provided an exclusive remedial structure that precluded Hicks' *Bivens* claim and that the state tort claim was likewise preempted by the VJRA. *Hicks v. Small,* 842 F.Supp. 407 (D.Nev.1993). The decision of the district court was affirmed on appeal by the Ninth Circuit. *Hicks v. Small,* 69 F.3d 967 (9th Cir.1995).

On May 25, 1992, during the pendency of the second lawsuit, plaintiff married Allen Hicks. Plaintiff retained her maiden name of Thurmond until September of 1992, at which time she officially changed her last name to that of her husband through VA procedures. She states that she subsequently "became the subject of numerous adverse employment actions, including denial of promotions, loss of overtime, ostensibly 'patient' complaints, reassignment from the Ward Without Walls (WOW) Unit, and loss of shift differential and weekend premium pay, all of which resulted in the denial of significant compensation to which she had previously been entitled." Complaint, ¶ 13.

Plaintiff's complaint was filed on September 20, 1995 and contains two causes of action. Count I asserts a *Bivens* action for violation of her First Amendment right of freedom of association. Plaintiff essentially states that the defendants' actions as alleged in the complaint were taken as a result of and in retaliation for her marriage to Allen Hicks. Count II of the complaint alleges that the allegedly discriminatory actions of the defendants taken after January 10, 1995, the date of plaintiff's initial contact with an EEO counselor for the VA, were in retaliation for the exercise of her rights under Title VII and the ADA.

II.

Defendants move to dismiss plaintiff's complaint primarily on grounds that (1) her *Bivens* action is precluded by the remedial provisions of the Civil Service Reform Act

(CSRA), Pub.L. 95–454, 92 Stat. 1111 (codified in various sections of Title 5 United States Code), and (2) the allegedly discriminatory actions of the defendants taken after January 10, 1995, are not actionable under Title VII or the ADA. Because plaintiff concedes in her response to defendants' motion that she does not have a claim under the ADA, that claim is hereby dismissed and will not be discussed further.

### A.

■■■ In considering a motion to dismiss, the complaint should be liberally construed in the light most favorable to the plaintiff. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). All inferences which may be drawn from the facts alleged should be drawn in favor of the plaintiff, *Park View Heights Corp. v. City of Black Jack*, 467 F.2d 1208, 1212 n. 3 (8th Cir.1972), and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir.1982). Fed. R.Civ.P. Rule 12(b)(6) is not a device for testing the truth of what is asserted or for determining whether a plaintiff has any evidence to back up what is in the complaint. *ACLU Foundation of Southern California v. Barr*, 952 F.2d 457, 467 (D.C.Cir.1991) (citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. *Id.* (citations omitted).

### 1. Count I

■■■ As previously noted, count I of the complaint asserts a *Bivens* action in which plaintiff essentially states that the defendants' actions as alleged in the complaint were taken as a result of and in retaliation for her marriage to Allen Hicks, thus violating her First Amendment right of freedom of association. Defendants move for dismissal of plaintiff's *Bivens* claim, arguing it is precluded by the existence of the comprehensive statutory scheme provided by the CSRA. The Court agrees.

In *Bivens,* the Supreme Court held that the Constitution may support a private cause of action against federal officials acting under color of their authority for their constitutional torts and allowed the victims of a Fourth Amendment violation by federal officers to bring suit against the officers for money damages. 403 U.S. 388, 394, 91 S.Ct. 1999, 2003. The Supreme Court has allowed *Bivens* actions in situations where, as in *Bivens* itself, there were no "special factors counseling hesitation in the absence of affirmative action by Congress," no statutory prohibition against the relief sought, and no exclusive statutory remedy. *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 2467, 101 L.Ed.2d 370 (1988) (citations omitted). However, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," courts have declined to create additional *Bivens* remedies. *Id.* at 423, 108 S.Ct. at 2468. Thus, in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court found that the existence of a comprehensive statutory scheme such as the CSRA was a "special factor" that precluded a *Bivens* action. Specifically, the Supreme Court held that because a federal employee's claim that his First Amendment rights were violated by his superiors arose "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we conclude that it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy." *Id.* at 368, 103 S.Ct. at 2406. *See also United States v. Fausto,* 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988) (the CSRA remedial scheme is the comprehensive system for reviewing personnel action taken against federal employees).

Following *Chilicky,* courts have concluded that the clear purpose of *Chilicky* and related cases is virtually to prohibit intrusion by the courts into the statutory scheme established by Congress. *See, e.g., Lombardi v.*

*Small Business Administration,* 889 F.2d 959, 961–62 (10th Cir.1989). In this regard, the Eighth Circuit concluded in *McIntosh v. Turner,* 861 F.2d 524 (8th Cir.1988), that in light of the remedy provided by the CSRA, a *Bivens* action was unavailable to the plaintiff for the violation of his rights under the Due Process Clause of the Fifth Amendment. In so ruling, the court noted that the result of *Chilicky*

> is a sort of presumption against judicial recognition of direct actions for violations of the Constitution by federal officials or employees. If Congress has not explicitly created such a right of action, and if it has created other remedies to vindicate (though less completely) the particular rights being asserted in a given case, the chances are that the courts will leave the parties to the remedies Congress has expressly created for them. Only if Congress's omission to recognize a constitutional tort claim was "inadvertent" will the courts be free to allow such a claim. It may be true that injured citizens will thus receive less than " 'complete relief,' " [487 U.S. at 425] 108 S.Ct. at 2468, but that is a decision that Congress has both the power and the competence to make. To some it may seem odd that congressional silence can, in effect, limit the right to be fully compensated for constitutional wrongs, but that is the message of *Chilicky,* and we are obliged to heed it.

> \* \* \* \* \* \*

Congress consciously referred to violation of an employee's constitutional rights as one of the prohibited personnel practices for which the [Office of the Special Counsel] disciplinary process was available. H.R.Rep. No. 1717, 95th Cong., 2d Sess. 131 (1978), U.S.Code Cong. & Admin.News 1978, p. 2723[, 2860, 2864, 2865]. It did not provide for a damages action for such a violation. In view of the explicit reference to constitutional rights in the legislative history, we cannot say that the omission of a damages remedy was inadvertent. The

teaching of *Chilicky* therefore requires us to decline to entertain a *Bivens* action. Congress knew that wrongs of this kind would occur, and it apparently believed that the OSC process would adequately address them. That, at least, is a fair inference from the legislative history of the Civil Service Reform Act of 1978, which specifically creates the OSC process and is silent as to damages.

*Id.* at 526. *See also Spagnola v. Mathis,* 859 F.2d 223 (D.C.Cir.1988) (finding that in light of *Chilicky,* "special factors" preclude the creation of a *Bivens* remedy for civil service employees and applicants who advance constitutional challenges to federal personnel actions) (en banc).

In light of the comprehensive remedial structure of the CSRA, this Court finds that a *Bivens* action is unavailable to plaintiff for the alleged violation of her First Amendment rights. This is so regardless of whether the relief sought is in the nature of a damages remedy or injunctive relief. *Lombardi v. Small Business Administration,* 889 F.2d at 962. *See also Barhorst v. Marsh,* 765 F.Supp. 995, 998–99 (E.D.Mo.1991) (noting the absence of a specific holding on this issue from the Eighth Circuit and stating it will follow the weight of authority in rejecting the availability of an equitable remedy in such cases).[1]

■ Apparently recognizing the infirm ground upon which her *Bivens* claim rests, plaintiff asks that she be allowed to amend her complaint in the event her *Bivens* claim is dismissed in order to assert a cause of action for intentional infliction of emotional distress and to substitute the United States as a defendant for the individual defendants pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671–80. The defendants object, arguing that such an amendment would be futile since the CSRA precludes a suit by a federal employee against the United States under the FTCA for em-

---

1. Like the district court in *Barhorst,* this Court will follow the weight of authority in rejecting

the availability of an equitable remedy in *Bivens*

ployment-related tort claims,[2] and even if such a suit were not precluded by the CSRA, her action would still have to be dismissed as plaintiff has not presented the administrative tort claim to the VA. The Court agrees on both points.

In *Premachandra v. United States,* 739 F.2d 392, 394 (8th Cir.1984), the Eighth Circuit held that the civil service laws provide the exclusive remedy for wrongful discharge from government employ, and that plaintiff's FTCA claim for mental anguish and other tort damages was therefore precluded. Likewise, in *Gergick v. Austin,* 997 F.2d 1237, 1239 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994), the Eighth Circuit again held that an FTCA claim for wrongful discharge was precluded by the CSRA and that "[a]n exclusive remedial regime such as the CSRA may neither be supplemented nor replaced by other remedies." As these cases make clear, the CSRA provides the exclusive remedy for employment-related tort claims. Allowing plaintiff to amend her complaint in order to assert an FTCA claim would thus be futile. Even if such a suit were not precluded by the CSRA, there seems to be no dispute in this case that she has failed to exhaust her agency remedies. The timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the FTCA. *See Sanders v. United States,* 760 F.2d 869, 871 (8th Cir.1985).

### 2. Count II

As previously noted, count II of the complaint alleges that the allegedly discriminatory actions of the defendants taken after January 10, 1995, the date of plaintiff's initial contact with an EEO counselor for the VA, were in retaliation for the exercise of her rights under Title VII. The one incident of retaliation listed in plaintiff's complaint which followed her contact with the EEO counselor

concerns the verbal counseling of plaintiff by her supervisor, Ms. Dana Freeman, with respect to alleged complaints by two patients about plaintiff. In her response to defendants' motion, plaintiff lists two additional incidents of retaliation, the first concerning an E–Mail request for confidential information from co-workers regarding terminating an "uncaring peer that (does) not function as a member of the team," and the second concerning a subsequent "low satisfactory" rating on her proficiency report for the year 1995. Defendants argue that neither the incident alleged in the complaint nor the two additional incidents listed in plaintiff's response to defendants' motion rise to the level of "adverse action" for purposes of a Title VII claim.

As a preliminary matter, the Court finds that separate defendants Karen Hamilton, Linda Rickel, Donna Edwards, Michael Berube, and Donald Hendricks, are entitled to dismissal as the only proper defendant in an employment discrimination action by a government employee is the head of the department, agency, or unit. *See* 42 U.S.C. § 2000e–16(c); *Warren v. Dep't of Army,* 867 F.2d 1156, 1158 (8th Cir.1989); *Barhorst v. Marsh,* 765 F.Supp. at 999.

With respect to the remaining defendant, Jesse Brown, Secretary of Veterans Affairs, the Court agrees that plaintiff has not stated an actionable claim of retaliation. The Court reaches this conclusion regardless of whether plaintiff's claim is considered under the standards governing motions to dismiss (set forth above) or the standards governing motions for summary judgment.[3]

Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the plaintiff must establish by a preponderance of the

cases in the absence of a specific holding on this issue from the Eighth Circuit.

**2.** Plaintiff agrees that the actions taken against her were in the course and scope of defendants' employment.

**3.** Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

evidence a prima facie case of retaliation. A prima facie case of retaliation is established if the plaintiff shows (1) that she engaged in a protected activity; (2) that adverse employment action occurred; and (3) that there is a causal connection between the two. *Sherpell v. Humnoke School D. 5 of Lonoke County,* 874 F.2d 536, 540 (8th Cir.1989). *See also Evans v. Kansas City, Mo. School Dist.,* 65 F.3d 98, 100 (8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1319, 134 L.Ed.2d 472 (1996). The employee need not show that the retaliatory motive was the sole reason for the employment action, but "merely a contributing factor." *Wiehoff v. GTE Directories Corp.,* 61 F.3d 588, 598 (8th Cir.1995) (quoting *Keys v. Lutheran Family and Children's Servs.,* 668 F.2d 356, 359 (8th Cir. 1981)).

 The Court first notes that the two additional incidents of retaliation listed in plaintiff's response to defendants' motion, *i.e.,* the request for confidential information from co-workers regarding terminating an "uncaring peer" and the subsequent "low satisfactory" rating on her proficiency report for the year 1995, are not within this Court's jurisdiction as they were neither the subject of any EEOC charge nor mentioned in the complaint. *See Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir. 1994). Even were these matters properly before the Court, neither these two additional incidents nor the counseling incident listed in the complaint rise to the level of "adverse employment action." Although plaintiff complains of a pattern of negative, or adverse, actions taken against her since she visited with the EEO counselor, she concedes in her response to defendants' motion that no financial harm, termination, or suspension has occurred.[4] That being so, and there being no specific allegations of retaliation other than the three incidents listed above, the Court can only find that the requisite "adverse

employment action" is lacking. The allegations presented by plaintiff in this case describe nothing more than minor or *de minimis* personnel matters which, as a matter of law, are insufficient to constitute "adverse employment action." *See Harlston v. McDonnell Douglas Corp.,* 37 F.3d at 382 (changes in duties or working conditions that cause no materially significant disadvantage are insufficient to establish the adverse conduct required to make a prima facie case).

### III.

For the foregoing reasons, the Court hereby grants the motion of the defendants to dismiss and, in the alternative, motion for summary judgment on count II of the complaint [doc. # 20].

IT IS SO ORDERED.

---

4. With respect to the E–Mail incident, Ms. Freeman states that the purpose of this message was to solicit responses from employees on how to improve the functioning of the staff as a team, and as no responses were received, she did not pursue the matter. *See* Supplemental Affidavit of Dana Freeman [doc. # 30]. With respect to plaintiff's evaluation, it should be noted that plaintiff's *overall* evaluation was satisfactory, which means that plaintiff receives all within-grade pay increases for which she is eligible. *See* Affidavit of Harry McQueen [doc. # 30]. Finally, verbal counseling of the type which plaintiff received is not a reprimand or other form of disciplinary action and has no effect on pay, grade, or other terms and benefits of employment. *See* Affidavit of Dana Freeman [doc. # 21].