**Lynette ROGERS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants.**

**No. C–83–0719 JPV.**

United States District Court, N.D. California.

April 30, 1985.

---

Albin E. Danell, San Jose, Cal., for plaintiff.

Debra Seymour, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

VUKASIN, District Judge.

### FACTS

Plaintiff, a former employee of the Veterans Administration ["VA"], seeks by this action to compel the alteration of certain purportedly erroneous records stemming from her repeated disability claims. She was initially hired by the VA as a staff nurse in 1968, and over a period of time was promoted to the position of Head Nurse for the Medical and Dermatology Ward. She subsequently encountered numerous on-the-job difficulties, resulting in reassignment to her former staff nurse position in 1972, then to a clerical position in 1973, and, ultimately, in her 1975 termination. Rogers filed her first disability claim under the Federal Employees' Compensation Act ["FECA"], 5 U.S.C. § 8101 *et seq.* in March, 1973, following her first reassignment, taking extended sick leave at the same time. In her applications for disability benefits she claimed she suffered from continual stress and hypertension due to actions taken against her by supervisors at the VA—actions which she claimed were in the nature of harassment, intimidation, and coercion.

The Office of Workers' Compensation Programs ["OWCP"] processed plaintiff's claims in accordance with Department of Labor ["DOL"] regulations set forth at 20 C.F.R. Part 10. In the course of this processing, evidence was obtained both from Rogers and from relevant VA personnel; plaintiff was also examined by a specialist in internal medicine, who furnished his

findings for the OWCP's consideration. *Cf.* 20 C.F.R. § 10.130. On October 31, 1974, and June 2, 1975, the OWCP Director rejected Rogers' claim for disability compensation, ruling that she had failed to establish that her disorders were employment related. Pursuant to 5 U.S.C. § 8124(b) and 20 C.F.R. § 10.131, plaintiff then requested a hearing to present additional evidence in support of her claims. This was held before Hearing Representative Robert P. Duggan on March 18, 1976. Based upon the evidence submitted for his consideration, the Hearing Representative on October 20, 1978, affirmed the earlier Order finding that plaintiff's disorders were of a pre-existing nature, and therefore not attributable to her employment.

Rogers thereafter commenced this action under the Privacy Act of 1974, 5 U.S.C. § 552a, seeking to compel the DOL to amend certain records it compiled in the course of processing her disability claim under FECA. Plaintiff contends that it was the inaccuracy of these records which caused her to be denied disability benefits to which she was otherwise entitled. Plaintiff also seeks statutory damages from the DOL on the grounds that the agency maintained in its files "factually erroneous information" detrimental to her. *Cf.* 5 U.S.C. § 552a(g)(4).

Plaintiff has now moved for a change of venue to the San Jose Division of this District;[1] defendant has filed a cross-motion for summary judgment, or, in the alternative, dismissal of the complaint.

## DISCUSSION

Plaintiff seeks the following specific amendment/expungement of relevant file materials:

(a) Amendment of the OWCP decisions of October 31, 1974, and June 2, 1975, to reflect that the actions taken against her by her supervisors at the VA were not standard disciplinary actions;

(b) Amendment of the physician's diagnosis to the extent she disagreed with it;

(c) Expungement of a certain narrative relating to plaintiff's performance at the VA, furnished by her former supervisor; and

(d) Recission of Hearing Representative Duggan's decision to the extent that it relies upon the foregoing evidence.

■ The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials or of other parties as those judgments are reflected in records maintained by federal agencies. *Blevins v. Plummer*, 613 F.2d 767, 768 (9th Cir.1980). Moreover, it may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions.

■ The amendments sought by plaintiff in the documents described in (a) and (d) are thus disallowed. These documents reflect agency judgment—not factual or historical errors—and are thus not subject to amendment under the Privacy Act. Further, Rogers' proposed amendment/expungement of the documents described in (b) and (c) will also be denied. Both the report reflecting the medical diagnosis of plaintiff and the report of plaintiff's supervisor are among the most relevant records evaluated by the OWCP in making an award determination, and normally will be an issue in quasi-judicial proceedings such as those below. *See* 20 C.F.R. §§ 10.130–10.150, 501.1–501.13.

■ The Office of Management and Budget, the agency charged by Congress with responsibility for implementing the Privacy Act, specifically addressed considerations of this nature in the guidelines it promulgated pursuant to Section 6 of the Act:

[T]hese provisions for amending records are not intended to permit the alteration of evidence presented in the

---

**1.** Because the Court hereby grants defendant's motion for summary judgment, plaintiff's mo-

tion for change of venue is moot.

course of judicial, quasi-judicial, or quasi-legislative proceedings. Any changes in such records should be made only through the established procedures consistent with the adversary process. These provisions are not designed to permit collateral attack upon that which has already been the subject of a judicial or quasi-judicial action. For example, these provisions are not designed to permit an individual to challenge a conviction for a criminal offense received in another forum or to reopen the assessment of a tax liability, but the individual would be able to challenge the fact that conviction or liability has been inaccurately recorded in his records.

Note foll. 5 U.S.C. § 552a; 40 Fed.Reg. 28958 (July 9, 1975); *Turner v. Department of Army*, 447 F.Supp. 1207, 1212 n. 17 (D.D.C.1978).[2] Mindful of this, the Court must of necessity find that the evidence to which plaintiff objects is not subject to collateral attack—and so may not properly be amended—under provisions of the Privacy Act. Defendant's motion for summary judgment must therefore be granted.

IT IS SO ORDERED.

---

**2.** Agency regulations promulgated pursuant to a specific congressional authority are presumptively valid and are entitled to great deference.

*Griggs v. Duke Power Co.,* 401 U.S. 424, 433–434, 91 S.Ct. 849, 854–855, 28 L.Ed.2d 158 (1971).