Dr. Alcide D. PELLERIN, an individual, Plaintiff-Appellant,

v.

VETERANS ADMINISTRATION OF the U.S. GOVERNMENT, et al., Defendants-Appellees.

No. 85–3835
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 10, 1986.

Wayne J. Boyer, Dunedin, Fla., for plaintiff-appellant.

Victoria M. Herman, Office of the General Counsel, Veterans Admin., Washington, D.C., for defendants-appellees.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HATCHETT, Circuit Judge:

Appellant, Dr. Alcide D. Pellerin, brought this action against the Veterans Administration (VA) pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. He alleges that the VA violated the Act by refusing to amend his records and by disclosing confidential information to third parties. We affirm the district court's judgment dismissing Pellerin's action for failure to state a claim upon which relief could be granted.

## BACKGROUND

Pellerin is a World War II veteran. Upon discharge in 1946, he received service-connected benefits from the VA due to such medical problems as anxiety and flat feet. In 1981 and 1982, he sought unsuccessfully to secure additional benefits. Pellerin brought this action against the VA stating claims against the agency in an amended complaint which is divided into five counts.

In Count I, Pellerin alleges that the VA violated the Privacy Act by refusing to amend records which state that he claimed "an earlier effective date" for previously awarded benefits for an ulcer. Pellerin contends that these records are not accurate because he never claimed an earlier effective date for benefits. Pellerin also alleges that the VA violated the Act by refusing to correct records which state that he had been "highly uncooperative."

In Count II, Pellerin contends that the VA violated the Act by refusing to correct records stating that he did not have athlete's foot because a VA report dated February 9, 1948, concluded that he had athlete's foot.

Count III alleges that the VA violated the Act by refusing to correct errors regarding his "anxiety reaction."

Count IV alleges a violation due to the VA's refusal to correct records regarding his flat feet.

Finally, in Count V, Pellerin alleges that the VA released confidential information to his physician and to two congressmen. Pellerin sent a medical affidavit from his treating physician, Dr. William E. Kilgore, to the VA together with a bill for his services. The VA returned the package to Kilgore stating that the VA had not authorized the payment for the services billed. Pellerin contends that this violated the Privacy Act.

Pellerin asked Congressman William McCollum and Congressman Michael Bilikaris to assist him in his dealings with the VA. In response to inquiries from the congressmen, the VA released information regarding Pellerin's claims. Pellerin alleges that this also violated the Privacy Act.

The VA filed a motion to dismiss Pellerin's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In granting the motion, the district court concluded that Pellerin sought to "use the Privacy Act as a tool with which to reconstruct his medical history" and that the disclosures complained of in Count V were authorized.

## DISCUSSION

On appeal, Pellerin contends that the district court erred because he never sought to reconstruct his medical history, but sought to correct records containing statements made by the VA during the 1980's. He also alleges he did not authorize the VA's disclosures. The VA contends that

the district court did not err because Pellerin's requests for the VA to amend its records constituted a collateral attack upon the agency's determinations. As to Pellerin's claim in Count V, the VA contends that the district court's ruling was correct because Pellerin's treating physician already knew of the information released to him, and the information released to the congressmen was released pursuant to his request.

### A. Counts I–IV

The district court concluded that Pellerin's true aim, despite his contentions to the contrary, was to circumvent the VA's established procedures for reconsidering benefit determinations by using the Privacy Act to reconstruct his medical history. Courts have consistently denied plaintiff's use of the Privacy Act as a weapon to collaterally attack agency determinations. In *Rogers v. United States Department of Labor,* 607 F.Supp. 697 (N.D.Cal.1985), where the plaintiff, a former employee of the VA, sought to compel the alteration of certain purportedly erroneous records stemming from her repeated disability claims, the court stated:

> The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials or of other parties as those judgments are reflected in records maintained by federal agencies. [Citation omitted.] *Moreover, it may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions.*

*Rogers,* 607 F.Supp. at 699 (emphasis added).

We are especially reluctant to interfere with determinations made by the VA because Congress has mandated that judicial review regarding that agency's determinations shall be limited. Title 38 U.S.C. § 211(a) provides, in pertinent part, that:

> The decisions of the administrator or any decision of law or fact under any law administered by the Veterans Administration providing benefits for veterans

and their dependents or survivors shall be final and conclusive and no other officer or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

In *Rosen v. Walters,* 719 F.2d 1422 (9th Cir.1983), where a veteran's claim for damages under the Privacy Act was based on allegations that the VA deliberately destroyed medical records pertinent to his disability claim, the district court dismissed the action for failure to state a claim upon which relief could be granted. The Ninth Circuit affirmed, stating that "[t]he difficulty with Rosen's claim is it would require precisely, although indirectly, the type of judicial review over Veterans Administration decisions that is precluded by 38 U.S.C. § 211(a)." *Rosen* at 1424. Elaborating on its holding, the court also stated:

> In a specific statute, Congress made the Veterans Administration the exclusive arbiter of disability benefits decisions. In a more generalized statute, the Privacy Act, Congress has made all agencies accountable for the maintenance of records on individuals. In order to allow Rosen's claim to proceed, we would have to conclude that Congress intended to impliedly repeal § 211(a) to the extent an individual claims the Veterans Administration based its adverse disability decision on improperly maintained records. We are unable to so conclude, however, because the Privacy Act fails to evince the clear and manifest congressional intent necessary to overcome the presumption against repeals by implication. [Citations omitted.]

*Rosen* at 1425.

Likewise, we decline Pellerin's invitation to allow attacks on VA disability benefit determinations. If Pellerin believes that he is entitled to additional disability benefits, he can—and should—challenge the agency's determinations by utilizing the proper procedures. We agree with the district court, however, that he cannot use the Privacy Act to mount such a challenge.

### B. Count V

■ Pellerin's first contention under this count is that the VA violated the Privacy Act by releasing confidential information to his treating physician, Dr. Kilgore. The district court found no merit in this contention because Dr. Kilgore already knew of the information which the VA sent him. The district court's determination was correct. "A dissemination of information to a person or persons who were previously aware of the information is not a disclosure under the Privacy Act." *Federal Deposit Insurance Corporation v. Dye*, 642 F.2d 833, 836 (5th Cir. Unit B 1981) (citing *Harper v. United States*, 423 F.Supp. 192 (D.S. C.1976).

■ Pellerin also contends that the VA violated the Privacy Act by releasing confidential information to Congressman McCollum and Congressman Bilirakis without his authorization. The district court rejected Pellerin's contentions because Pellerin consented in writing to the release of information to the congressmen and asked them to intervene on his behalf. We agree with the district court that Pellerin's actions in consenting to the release of the information and soliciting the congressmen's assistance in his dealings with the VA estops him from objecting to the VA's release of information to the congressmen. "Under the doctrine of equitable estoppel a party with full knowledge of the facts, who accepts the benefits of a transaction ... may not subsequently take an inconsistent position to avoid the corresponding obligation of effects." *DeShong v. Seaboard Coast Line Railroad Co.*, 737 F.2d 1520, 1522 (11th Cir.1974) (footnote omitted). Pellerin clearly solicited his congressmen's support in his battle with the VA. He cannot state a claim against the VA for releasing information to the congressmen when he requested their assistance in gathering such information.

### CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing Pellerin's complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is affirmed.

AFFIRMED.