### Diana DOUGLAS, Plaintiff,

v.

### FARMERS HOME ADMINISTRATION, Defendant.

#### Civ. A. No. 91–1969 (CRR).

United States District Court, District of Columbia.

Dec. 10, 1991.

Diana Douglas, pro se.

Jay B. Stephens, U.S. Atty., and John D. Bates and Robert L. Shapiro, Asst. U.S. Attys., for District of Columbia.

### ORDER

CHARLES R. RICHEY, District Judge.

Invoking the Privacy Act of 1974, 5 U.S.C. § 552a, Plaintiff Diana Douglas seeks a monetary award, attorneys fees and litigation costs from the Defendant Farmers Home Administration (FmHA) arising from the allegedly willful and intentional act of placing and maintaining an inaccurate appraisal of Plaintiff's property in Plaintiff's loan file. According to Plaintiff, this act initially caused Plaintiff to be denied loan servicing and to incur additional costs for interest and for corrective measures. Defendant FmHA has moved to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim. Upon consideration of the Defendant's Motion to Dismiss, the Plaintiff's response thereto, the record herein, and the applicable law, the Court denies the Defendant's Motion.

The Defendant moves to dismiss the above-captioned case, arguing that the Privacy Act does not permit "complaining about the accuracy of a judgment rather than of a fact" contained in an agency's records. Memorandum of Points and Authorities in Support of Defendant's Motion

to Dismiss at 2, *citing Rogers v. U.S. Dept. of Labor*, 607 F.Supp. 697, 699 (N.D.Cal. 1985). As Plaintiff points out, this claim strains the case precedent in this Circuit. In *R.R. v. U.S. Dept. of the Army*, 482 F.Supp. 770, 774 (D.D.C.1980), the Court explained that the entitlement to sue under the Privacy Act does not depend upon a rigid fact versus judgment dichotomy. Rather, an individual may invoke the Privacy Act with regard to records containing an agency's judgments "once all the facts underlying such judgments have been thoroughly discredited." *Id. See also Turner v. Dept. of the Army*, 447 F.Supp. 1207, 1213 (D.D.C.1978), *aff'd*, 593 F.2d 1372 (D.C.Cir.1979) (absent a regulation to the contrary, courts may permit correction of an agency's erroneous opinions and judgments).

The Defendant acknowledges the *R.R.* decision, and asserts that Plaintiff "can not [sic] claim to dispute all of the facts" underlying the FmHA's initial appraisal. Defendant's Memorandum at 3. At this stage of the proceedings, the Defendant's claim must fail. It is well settled that dismissal for failure to state a claim is appropriate only when the Plaintiff "can prove no set of facts in support of [the] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The Court finds that, if proved, the Plaintiff's allegations are sufficient to escape the Defendant's Motion to Dismiss.

Defendant ignores the allegations in Plaintiff's Complaint and places an improper burden of proof upon the Plaintiff. First, contrary to Defendant's assertion, the Plaintiff need not dispute every fact underlying the appraisal. Plaintiff only needs to show that the final dollar value in the appraisal was predicated upon incorrect facts contained in agency records. More importantly, the Defendant overlooks that the Plaintiff does allege that the appraisal was wholly based upon an objectively invalid methodology, and other incorrect and irresponsible factual determinations. *See*

Complaint at 15, 18, 19 and Exhibits 2, 4. Because the Court must construe the allegations in the Complaint in favor of the Plaintiff, *Ramirez de Arellano v. Weinberger*, 745 F.2d 1500, 1506 (D.C.Cir.1984), the Court cannot, at this juncture, find that there exists no set of facts upon which Plaintiff assert a claim under the Privacy Act.

If, after further discovery, the Defendant can demonstrate that the FmHA appraisal was a "subjective evaluation [ ] based on a multitude of factors" for which there "are various ways of characterizing some of the underlying events," *White v. Office of Personnel Management*, 787 F.2d 660, 662 (D.C.Cir.1986), *cert. denied*, 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986), then the agency may defeat Plaintiff's recourse under the Privacy Act.[1] The Court cannot preclude Plaintiff from making a Privacy Act claim at this point, however.

Accordingly, it is, by this Court, this 9th day of December, 1991,

ORDERED that the Defendant's Motion to Dismiss the Complaint for failure to state a claim shall be, and hereby is, DENIED.

---

[1] Of course, Defendant is free to present other claims to the Court regarding Plaintiff's entitlement to monetary damages under the Privacy Act.