966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel L. EDWARDS, Jr., Plaintiff-Appellant,
v.
Dolores ROZZI, Director, EEOC Office of Review and Appeals,
Defendant-Appellee.
 No. 92-3008.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 1
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Daniel L. Edwards, Jr., an Ohio citizen, requests the appointment of counsel on appeal from the district court judgment dismissing his complaint against the Director of the EEOC which alleged violations of Title VII of the Civil Rights Act of 1964, the Freedom of Information Act, and the Privacy Act. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Edwards alleged in this suit that the defendant had failed to enforce its programs in handling his complaints, and had violated the FOIA and Privacy Act by refusing to correct its records and supply copies of its records as requested by Edwards. The district court adopted the magistrate judge's recommendation to dismiss the complaint.
 
 
 4
 Upon review, it is concluded that this complaint was properly dismissed. The allegation on appeal that the magistrate judge was biased is completely without foundation. Moreover, consent of the parties was not required to refer this case to the magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B).
 
 
 5
 The claim that the defendant discriminated against Edwards in refusing to enforce its programs, to the extent it refers to an earlier case in which Edwards challenged the denial of his application for a retirement annuity, is barred by issue preclusion. To the extent that the claim refers to another "complaint" made by Edwards to the EEOC on December 28, 1987, that correspondence was properly returned to Edwards with instructions to exhaust his administrative remedies. Moreover, Edwards simply does not have a cause of action against the EEOC to challenge the processing of a claim. See Scheerer v. Rose State College, 950 F.2d 661, 662-63 (10th Cir.1991)
 
 
 6
 The claims under the FOIA and Privacy Act are partially based on a claim that the EEOC failed to "correct" its records to show that it did have jurisdiction over the previous retirement annuity appeal. Not only is such a claim barred by issue preclusion, as discussed above, but the Privacy Act may not be used to challegng unfavorable agency decisions. It is intended solely to be used to correct factual or historical errors. See Pellerin v. Veterans Administration, 790 F.2d 1553, 1555 (11th Cir.1986). Edwards also alleges that defendant failed to supply him with all of the records that he requested. This claim is based on his belief that defendant should have retained all of his correspondence, including the December 28, 1987, "complaint" discussed above and other documents which Edwards sent to various parties. The FOIA does not obligate agencies to retain documents. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150-51 (1980).
 
 
 7
 For the above reasons and those cited by the magistrate judge and adopted by the district court, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation