Robert E. **JONES** and Susan M. Jones, Plaintiffs,

v.

Marvin **RUNYON**, Postmaster General, United States Postal Service and United States of America, Defendants.

No. Civ.A. 3:98–CV–2.

United States District Court, N.D. West Virginia.

Dec. 10, 1998.

Robert E. Jones, Gerrardstown, WV, pro se.

Helen Campbell Altmeyer, Wheeling, WV, for Defendants.

## MEMORANDUM AND ORDER

BROADWATER, District Judge.

### I. INTRODUCTION

On the 13th day of October 1998, the above-styled matter came before the Court for consideration of the plaintiffs' motion for summary judgment (Documents # 10) and the defendants' motion to dismiss "charge1" and for summary judgment of "charges 2" and "charge 3" of the plaintiffs' Complaint (Document # 18). The plaintiff appeared *pro se*, and the defendants appeared by their counsel of record. Both counsel presented oral arguments in support of their respective motions. After considering the above, the Court is of the opinion that the plaintiffs' motion for summary judgment (Documents # 10) should be **DENIED** and the defendants' motion to dismiss or in the alternative for summary judgment (Document # 18) should be **GRANTED**.

### II. FACTS

Robert E. Jones ("Mr.Jones") was employed by the United States Postal Service ("USPS") until June 20, 1994, when he applied for and was granted disability benefits. Since then, he has not returned to work and has been receiving disability benefits. Susan M. Jones ("Mrs.Jones") is Mr. Jones' wife. On March 15, 1996, as part of a routine investigation into Mr. Jones' continuing eligibility for disability payments, the USPS, through its Inspection Services, obtained a copy of Mr. Jones's employment records from Equifax Credit Information Services ("Equifax"). The USPS provided Equifax with certain identifying information, to include Mr. Jones' name, address, and social security number. When Equifax's report showed no employment record for Mr. Jones, the USPS requested, on April 24, 1996, an employment report for Mrs. Jones. This was done because of the USPS's experience that recipients of disability benefits sometimes use their spouses' social security number to conceal their own outside employment.

The USPS alleges that, because the reports did not disclose any information warranting additional investigation, they were destroyed as part of the USPS routine practice. Plaintiffs allege that the USPS violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Privacy Act ("PA"), 5 U.S.C. § 552a. In addition, plaintiffs claim that the USPS failed to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when the USPS failed to provide a full accounting and explanation as to why their credit reports were accessed.

## III. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing that there are no issues of material fact in dispute. *Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 393 (4th Cir.1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Charbonnages de France v. Smith*, 597 F.2d 406, 413 (4th Cir.1979) (quoting *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950)). "[T]he burden of the moving party may be discharged by a 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party." 477 U.S. at 249–50, 106 S.Ct. 2505.

## IV. DISCUSSION

The first charge or count of plaintiffs' Complaint alleges that the defendants are in violation of the FOIA. The Supreme Court held in *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980), that, when an agency has demonstrated that is has not withheld records requested by a party, federal courts have no authority to order production of these records under the FOIA. In addition, "affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden on motion for summary judgment." *Carney v. United States Dep't Justice*, 19 F.3d 807, 812 (2nd Cir.1994). According to Shirley Roberts' ("Roberts") declaration, an inspector with the USPS Inspection Service, the USPS conducted a thorough search and did not withhold documents from the plaintiffs. According to Roberts, a copy of Mr. Jones' employment report was maintained in a file labeled "Mr. Jones." No other information was contained in that file, and the Inspection Service does not maintain any other file on Mr. Jones. (Roberts' Declaration ¶ 7.) Because Mrs. Jones' employment report did not contain any information that would warrant additional investigation, Roberts explained that Mrs. Jones' report was not retained pursuant to Inspection Service's policies and practices. (Roberts' Declaration ¶ 9.) In response to a FOIA request filed by the plaintiffs on July 29, 1997, Roberts made copies of all documents that fell within the scope of their FOIA request and sent the documents to the USPS headquarters. (Roberts' Declaration ¶ 10 .)

By a letter dated August 28, 1998, H.J. Bauman ("Bauman"), from the USPS Office of the Chief Inspector, acknowledged receipt of Mr. And Mrs. Jones' request for records. (Defendants' Exhibit 2.) On September 10, 1997, Bauman released one page of record material in the custody of the USPS, informing the plaintiffs that the FOIA does not require an agency to create records by providing explanations in order to satisfy the request of individuals. (Defendants' Exhibit 3.)

The standard set forth in the Fourth Circuit governing Government searches made pursuant to the FOIA requires a good faith effort on the part of the agency. "In adjudging the adequacy of an agency search for documents, the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Ethyl Corp. v. U.S. Environmental Protection Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984)), *see also Carney*, 19 F.3d at

807. The Court concludes that the USPS conducted a good faith effort and withheld no documents concerning the plaintiffs' request under the FOIA. The Court further concludes that because the FOIA does not obligate the Government to create records or to make explanations, the USPS acted properly by providing access to those documents already created and retained. *Kissinger*, 445 U.S. at 136, 100 S.Ct. 960.

The second charge or count of plaintiffs' Complaint alleges that the defendants are in violation of the PA. Whereas section 552a(e)(2) of the PA imposes a general obligation on the part of the Government to collect information from a plaintiff before consulting third parties, the PA recognizes several exceptions. One such exception authorizes the Government to contact a third party source "when practical considerations, such as confirming or denying false statements require [third party contacts] or when the information can only be obtained from third parties." *Hudson v. Reno*, 130 F.3d 1193, 1205 (6th Cir.1997). Likewise in *Brune v. Internal Revenue Service*, 861 F.2d 1284 (D.C.Cir.1988), the court upheld the IRS's contacts with third persons to verify whether false statements were made by one of its agents whom the IRS suspected had falsified travel vouchers.

■ In *United States v. Long*, 803 F.Supp. 1086 (D.S.C.1992), the court held that postal inspectors did not act outside their authority in investigating alleged false statements by postal workers to the Office of Workers' Compensation. The USPS runs routine checks for fraud on those persons who receive disability payments. Under Postal Inspection Service Manual regulations, the USPS shares with the Office of Workers' Compensation Programs the responsibility for investigating potential fraudulent claims. The Court finds that, because Mr. Jones had been receiving disability payments since 1994, the USPS conducted legally authorized routine investigation of the plaintffs.

■ Plaintiffs also charge that the USPS violated the PA by improperly disclosing confidential information to Equifax when re-

questing employment reports. The PA provides routine use exemptions for the use of a record "for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(7). The routine use exemption authorizes federal agencies to make disclosures from records without consent, provided that the disclosed information is used in a manner previously published in the Federal Register. One such published routine use exemption provides that "[i]n the course of conducting any official investigation, ... a record may be disseminated to an agency, organization, or individual when reasonably necessary to elicit information relating to the investigation...." 54 Fed.Reg. 43,652 at 43675 (1989). The USPS has also lawfully exempted this routine use from the Notification Requirements under subsection 5 U.S.C. § 552a(e)(3)(C). The Court finds that, because the USPS released information to Equifax while conducting an ongoing investigation of possible workers' compensation fraud by Mr. And Mrs. Jones, this disclosure falls within the routine use exception and does not violate the PA. Besides, the information the USPS made available to Equifax was already in possession of Equifax. Other courts that addressed this issue held that the PA is not violated when a government agency makes available information that is known by the recipient, "averring the 'common sense' notion that it is not possible to 'disclose' something to someone who already knows it." *Pilon v. U.S. Dep't of Justice*, 73 F.3d 1111, 1112 (D.C.Cir.1996) (citing *Quinn v. Stone*, 978 F.2d 126 (3rd Cir.1992); *Kline v. Dep't of Health and Human Services*, 927 F.2d 522 (10th Cir.1991); *Reyes v. Supervisor of D.E.A.*, 834 F.2d 1093 (1st Cir.1987); and *Pellerin v. Veterans Admin.*, 790 F.2d 1553 (11th Cir.1986)).

The third charge or count of plaintiffs' Complaint alleges that defendants are in violation of the FCRA. The FCRA does not create liability on the USPS as the user of the report since it was enacted for the purpose of controlling the activities of consumer reporting agencies. 15 U.S.C. § 1681 (1997).[1] Even if the FCRA created liability

---

1. Because the alleged unlawful acts in question occurred prior to the September 30, 1996 amendments to the FCRA, the Court is not taking in consideration these amendments which became effective on September 30 1997.

to the USPS, the Court finds that the USPS was authorized to access the information regarding the reports, because the information was sought for employment and investigative purposes, both authorized under sections 1681b and 1681f of the FCRA.

Plaintiffs also allege that the USPS had the obligation to notify them that the USPS was contacting Equifax to obtain their reports. Under 15 U.S.C. § 1681a(e), only investigative consumer reports are subject to the notification requirements under the FCRA. Investigative consumer reports do not include information provided by the consumer or by a creditor of the consumer.[2] Thus, the Court finds that the USPS was under no notification obligations under the FCRA because the report the USPS obtained from Equifax does not constitute an investigative consumer report as defined in the statute. Finally, the disclosure provision of 15 U.S.C. § 1681(a), triggered by the occurrence of an adverse action, does not apply to the present controversy because the USPS did not take any adverse action against the plaintffs. Accordingly, the Court finds that the USPS did not violate the provisions of the FCRA.

## V. CONCLUSIONS

For the reasons expressed herein, the Court finds that there are no issues of material fact in dispute and that the USPS is entitled to summary judgment as a matter of law. Therefore, it is

**ORDERED**

1. That the plaintiffs' motion for summary judgment (Documents # 10) be **DENIED;**

2. That the defendants' motion to dismiss or in the alternative for summary judgment (Document # 18) should be **GRANTED;**

3. That this case be **DISMISSED** from the active docket of this Court.

**2.** An investigative consumer report is a consumer report in which "information on the consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or

The Clerk is directed to transmit a true copy of this Order to counsel of record herein.

associates of the consumer reported or with others with whom he is acquainted or who have knowledge concerning such items." 15 U.S.C. § 1681a(e).