69 F.3d 233
 69 Fair Empl.Prac.Cas. (BNA) 374,
67 Empl. Prac. Dec. P 43,783,
19 Employee Benefits Cas. 2140
George HORNE, Appellant,
v.
FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS; Herman W.
Steinkoetter; Virvus Jones; Bruce E. Williams; Len
Wiesehan; Walter Rush; Russell A. Laboube; Gayle Malone,
sued in their individual and official capacities; Neil J.
Svetanics, sued in his official capacity; William C. Duffe,
Director, Department of Personnel, sued in his official
capacity, Appellees.
 No. 95-1186.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1995.
Decided Oct. 30, 1995.
 
 John Douglas Lynn, St. Louis, Missouri, argued for appellant.
 James L. Matchefts, St. Louis, Missouri, argued for appellees.
 Before HANSEN, BRIGHT and MURPHY, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 George Horne, Deputy Chief Fire Marshal of the St. Louis Fire Department, brought this federal age discrimination action against the Firemen's Retirement System of St. Louis and various officials of the City of St. Louis, Missouri. The district court[1] stayed and eventually dismissed his action pending the resolution of state court proceedings defendants instigated on the same issues. Horne appeals, arguing that because no "exceptional circumstances" exist the federal court should not have surrendered jurisdiction to the state court. Under the circumstances here, we hold that the district court did not abuse its discretion in deferring its jurisdiction to the Missouri courts. The "exceptional circumstances" rule is inapplicable.I. BACKGROUND
 
 
 2
 On March 31, 1992, the St. Louis Fire Chief told Horne that his work was excellent and he would not be terminated from the fire department because of his age. That same day, the Board of Trustees of the Firemen's Retirement System voted--according to a Missouri statute,[2] a local ordinance, and their policy of mandatory retirement--to retire Horne when he turned sixty years of age in April 1992.
 
 
 3
 Horne refused to retire at that time, and continues to perform his duties as fire marshal. In May 1992, Horne filed administrative charges with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights. Three days later, the City of St. Louis filed a preemptive action against Horne in state court seeking a declaratory judgment that the decision to retire Horne was "lawful," that it could proceed to remove him from the payroll without incurring any liability, and that the Missouri statute and ordinance at issue were valid and enforceable.
 
 
 4
 Anticipating the City's lawsuit, Horne filed his own lawsuit in federal district court the same day, alleging the decision to retire him because of his age violated the Equal Protection Clause of the Fourteenth Amendment, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et. seq., and the Missouri Human Rights Act, Mo.Rev.Stat. Sec. 213.010 et. seq. Horne sought declaratory relief, an injunction to keep defendants from removing him from his job, emotional distress damages, and attorney's fees.
 
 
 5
 The district court stayed and later dismissed the federal lawsuit pending resolution of the state proceedings, determining it should abstain under Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).[3] The court listed the six "exceptional circumstances" factors identified in those cases which may justify dismissing a federal action where state proceedings are pending, and found several of them applicable and determinative in these proceedings.[4] Horne appeals the dismissal, arguing the absence in fact of any "exceptional circumstances" which would justify the surrender of federal court jurisdiction.
 
 II. DISCUSSION
 
 6
 We first examine whether Horne has standing to pursue an age discrimination claim in federal court given that he is still currently employed as a fire marshal for the fire department. Horne argues the ADEA confers standing to sue upon a "person aggrieved" by age discrimination, see 29 U.S.C. Sec. 626(c)(1), reflecting a congressional intent to expand standing to sue to the maximum extent permissible under Article III of the United States Constitution. He argues that under Article III, a person has standing to sue if "he has suffered some actual or threatened injury." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979); see also United Food & Commercial Workers Int'l v. IBP, Inc., 857 F.2d 422, 426 (8th Cir.1988). Appellees argue Horne lacks standing to sue because the City has never taken any official action to terminate Horne's employment and has given every indication that it will not do so until a court of competent jurisdiction holds that such termination is lawful.
 
 
 7
 We agree with Horne. In City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983), the Supreme Court stated that to satisfy the threshold "case or controversy" requirement of Article III, "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " Accord, Meis v. Gunter, 906 F.2d 364, 367 (8th Cir.1990), cert. denied, 498 U.S. 1028, 111 S.Ct. 682, 112 L.Ed.2d 673 (1991). In addition, this circuit has previously held that "an employee's claim accrues on the date she is notified of the employer's decision, not on the date the decision becomes effective." Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir.1994) (citing Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980)). A cause of action accrues when a suit may be maintained thereon. Black's Law Dictionary 21 (6th ed. 1990). Horne's claim accrued on the date he was notified of the decision to terminate him, and thus he has standing to sue.
 
 
 8
 The more difficult question is how best to characterize Horne's action. We conclude his suit is most aptly characterized as one for declaratory judgment; that is, for a declaration of his rights with respect to his continued employment with any additional relief based on the court's decree. See Declaratory Judgment Act, 28 U.S.C. Secs. 2201, 2202; see also Greater Fremont, Inc. v. City of Fremont, 302 F.Supp. 652, 656 (D.C.Ohio 1968) (characterizing petition as one for declaratory relief "in reality" despite additional request for other relief).
 
 
 9
 "The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action." United States v. Fisher-Otis Co., 496 F.2d 1146, 1151 (10th Cir.1974). Although Horne suffered a threatened harm, he has suffered no actual harm aside from unspecified emotional distress and attorney's fees. Horne continues to work, and the essence of his suit is one for declaratory judgment.
 
 
 10
 Noting the "unique and substantial discretion" the Declaratory Judgment Act confers upon federal courts, the United States Supreme Court has determined that a district court's decision to stay or dismiss a declaratory judgment action is governed by the discretionary standard set forth in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), rather than the more stringent "exceptional circumstances" test enunciated in Colorado River and Moses H. Cone. Wilton v. Seven Falls Co., --- U.S. ----, ----, ----, 115 S.Ct. 2137, 2139, 2144, 132 L.Ed.2d 214 (1995). In Wilton, the Supreme Court concluded that the district court had "acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." Id. at ----, 115 S.Ct. at 2144. The Court noted that Brillhart had indicated that, under such circumstances, a district court might be indulging in " '[g]ratuitous interference,' ... if it permitted the federal declaratory action to proceed." Id. at ----, 115 S.Ct. at 2141.
 
 
 11
 Here, the district court concluded the crux of this matter lay in the application of a Missouri statute.[5] No Missouri court had had the opportunity to consider a constitutional challenge to that statute; an opportunity has now arisen, and Missouri courts should have the right to resolve a state law challenge when able to do so. The court noted the Missouri statute and ordinance at issue and Horne's claims were then under scrutiny by a Missouri court and concluded that forum was adequate to protect Horne's rights. The court dismissed Horne's suit without prejudice, expressly preserved his right to pursue his federal and pendant state claims once the state court had rendered a final determination, and tolled the applicable statutes of limitations.
 
 
 12
 The district court's action in deferring this litigation to the Missouri courts fell within that court's substantial discretion. See id. at ----, ----, 115 S.Ct. at 2141, 2144.
 
 
 13
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Missouri statute, Mo.Rev.Stat. Sec. 87.170(2) (1986), provides for retirement of any fireman upon attaining the age of 60 years as long as he qualifies for a service retirement allowance equal to 70% of his average final compensation
 
 
 [3]
 Meanwhile, Horne filed a motion to dismiss the proceedings in state court which was granted by the state trial court but reversed on appeal. City of St. Louis v. Milentz, 887 S.W.2d 709 (Mo.App.1994)
 
 
 [4]
 These factors were (a) the likelihood of piecemeal litigation, (b) state law could be controlling and (c) the state court can adequately protect Horne's rights
 
 
 [5]
 The district court could also fairly be characterized as exercising abstention under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 500-02, 61 S.Ct. 643, 645-46, 85 L.Ed. 971 (1941). See Employers Ass'n v. United Steelworkers of America, 19 F.3d 405, 407 (8th Cir.) (courts sometimes best exercise their discretion by electing not to decide, particularly where federal issues presented may be substantially altered or avoided by state-court interpretation of state law), vacated on other grounds, 23 F.3d 214 (8th Cir.1994) (per curiam)