101 F.Supp.2d 1239 (1999)
Sandra K. SNYDER, Plaintiff,
v.
SABERLINER CORP., Defendant.
No. 4:97CV2584LOD.
United States District Court, E.D. Missouri, Eastern Division.
December 14, 1999.
*1240 *1241 Larry A. Bagsby, St. Charles, MO, for Plaintiff.
James N. Foster, Jr., Shelley M. Roither, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendant.

ORDER AND MEMORANDUM
DAVIS, United States Magistrate Judge.
This matter is before the Court upon the motions of defendant Saberliner Corporation for summary judgment, for partial summary judgment, and to compel and to strike. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff, a female, alleges in her complaint that defendant discriminated against her because of her sex by subjecting her to different terms and conditions of employment than those imposed on male employees. Plaintiff alleges that defendant discriminated against her by denying her raises and vacation time, subjecting her is intimidation, placing unreasonable expectations on her, placing her on probation, and demoting her. Plaintiff further alleges that she was placed on probation and then demoted in retaliation for her seeking assistance from higher management regarding the discriminatory treatment she was receiving. Finally, plaintiff claims that she was wrongfully discharged. Plaintiff claims these acts violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.[1]
Defendant argues in its motion that plaintiff's claims of discrimination fail because plaintiff did not establish a prima facie case. Defendant argues that there is no evidence that plaintiff was meeting defendant's legitimate job expectations or that she was subjected to different terms and conditions of employment than similarly situated male managers. Defendant also argues that plaintiff's claim of retaliation fails as there is insufficient evidence of any causal connection between plaintiff's *1242 being put on probation and her engaging in any protected activity.
Additionally, defendant claims that the record supports the legitimacy of it placing plaintiff on probation and that there is no evidence in the record of any pretext. Furthermore, defendant argues that plaintiff's claim of retaliatory demotion fails due to the fact that she was never demoted. Lastly, defendant argues that plaintiff's claim of wrongful discharge fails because she was not discharged and she failed to satisfy the administrative prerequisites to maintain that claim.
In response, plaintiff argues that she can establish all of the elements of a prima facie case of discrimination and of retaliation and that defendant's articulated reasons for its acts against plaintiff were not legitimate. Plaintiff also argues that she has properly raised her claim of wrongful discharge. Lastly, plaintiff claims that defendant's articulated reasons for its acts against plaintiff were not legitimate. In reply, defendant argues that plaintiff has still failed to establish a prima facie case of discrimination and of retaliation. Defendant also again argues that plaintiff cannot recover for constructive discharge because she failed to raise that claim at the administrative level. Lastly, defendant argues that plaintiff has not rebutted defendant's articulated reasons for its acts nor proven pretext.

FACTS
Viewed in the light most favorable to plaintiff, the evidence shows that plaintiff was hired by defendant in April of 1990 as a Procurement Project Manager. In 1991 plaintiff was promoted to the position of Manager Purchasing. In 1992 and 1993 plaintiff received generally positive evaluations from her supervisor, Claire Stewart. Plaintiff received pay raises each year from 1992-94. In February 1994 Stewart denied plaintiff a raise because she had missed too much time for jury duty and due to a hysterectomy. Plaintiff complained to upper management, and in April of 1994 plaintiff received a salary increase retroactive to February 1, 1994.
In July of 1994, Stewart provided plaintiff a third assessment which indicated that plaintiff needed to develop her management skills. This review also reflected that the issues and tasks previously set for plaintiff were not yet accomplished or addressed by plaintiff. In September of 1994, Stewart provided plaintiff with an update on her performance. He noted ongoing performance deficiencies.
In 1994 and 1995 plaintiff did not receive discretionary bonus pay. In February of 1995, plaintiff complained to Larry Smith, the Human Resource Director, about her treatment by Stewart. Plaintiff claimed that Stewart was imposing impossible reporting requirements. A meeting between the three parties did not resolve the problem. In 1995, plaintiff requested vacation for the week of August 21-25, 1995. Stewart requested, first orally and then via writing, that plaintiff submit a plan for coverage in her department during her absence. Plaintiff submitted a written plan, and her vacation request was then approved.[2]
In June of 1995, plaintiff again complained to Smith and also Bob Dowd, another member of upper management. Plaintiff complained that she was treated differently because she was a woman. Mr. Dowd spoke with Stewart regarding plaintiff's complaints.
In August of 1995, Stewart placed plaintiff on probation for three months, beginning September 1, 1995. Stewart told plaintiff this was because of plaintiff's ongoing performance difficulties. Upon completion of her probation, Stewart was of the opinion that plaintiff's performance had not adequately improved. On November 27, 1995, Stewart met with plaintiff and told her that she would no longer be Manager Purchasing. Rather than demote *1243 plaintiff, a new position was to be created for her. Plaintiff worked the remainder of the week. Plaintiff became distraught, so she went to her physician and was granted a leave of absence. Plaintiff did not return to work.
Plaintiff remained off work from December 4, 1995 until June 30, 1996. Plaintiff was cleared to return to work at that time with the provision that she have a change of supervision. Plaintiff never returned to work, but she did receive disability benefits from defendant. Plaintiff's employment terminated, effective January 1, 1998, at the conclusion of the maximum two-year period allowed under defendant's long-term disability plan.

DISCUSSION
This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. Once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e).
Title VII prohibits employment discrimination on the basis of race, gender, religion, or national origin. 42 U.S.C. § 2000e-2(a). The order and allocation of proof are governed by the three-stage burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). See Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir.), cert. denied, 521 U.S. 1119, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997)
Initially, plaintiff must establish a prima facie case of discrimination, and if she does so, the burden shifts to defendant who must articulate a legitimate, nondiscriminatory reason for the adverse employment action in order to rebut a presumption of discrimination Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1156-57 (8th Cir.1999). If defendant sustains this burden of producing evidence of a nondiscriminatory reason for its actions, the presumption drops from the case and plaintiff has the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision, i.e., plaintiff may prove that the proffered reason was a pretext for unlawful discrimination. Id. The plaintiff must then present evidence, such as conduct or statements by decision-makers, that directly reflect a discriminatory attitude sufficient to permit the jury to infer that that attitude was more likely than not a motivating factor in the employer's decision. Nelson v. J.C. Penney Co., Inc., 70 F.3d 962, 965 (8th Cir.1995), cert. denied, 519 U.S. 813, 117 S.Ct. 61, 136 L.Ed.2d 23 (1996).
To establish a prima facie case of employment discrimination under Title VII, plaintiff is required to show that: 1) she is a member of a protected group; 2) she was performing her job at a level that met her employer's legitimate expectations; 3) she suffered an adverse employment action; and 4) there are facts adequate to permit an inference of discrimination, such as nonmembers of her class were not treated the same. Ghane v. West, 148 F.3d 979, 981 n. 3 (8th Cir. 1998); Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1156 (8th Cir. 1999).
To establish a prima facie case of retaliation requires plaintiff to show: 1) that she engaged in statutorily protected activity; 2) that she suffered an adverse employment action; and 3) that a casual connection existed between the adverse employment action and the protected activity. Artis v. Francis Howell North *1244 Band Booster Ass'n., Inc., 161 F.3d 1178, 1182 (8th Cir.1998). An adverse employment action is defined under Title VII to include only those actions that cause a "materially significant disadvantage." Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir.1994); Manning v. Metropolitan Life Ins. Co., Inc., 127 F.3d 686 (8th Cir.1997).

A. PLAINTIFF'S PRIMA FACIE CASE OF DISCRIMINATION

Defendant does not dispute that plaintiff is a member of a protected group and that she was subjected to adverse employment actions in connection with her claim of discrimination. However, defendant argues that plaintiff cannot prove the second and fourth elements of her prima facie case. Defendant argues that the record is replete with evidence of plaintiff's failure to satisfy defendant's legitimate job expectations. Defendant claims that during plaintiff's 1992 review the initial goals and expectations that were set for her when she was promoted to Manager Purchasing were discussed. The majority of these goals were not met and revised target dates were set. During plaintiff's 1993 review, she received low rankings in the areas of "coach/facilitator" and "recognition/feedback" categories. During her 1994 review, plaintiff was again advised of performance deficiencies and the fact that 80% of the goals and expectations set in the 1992 review had not been accomplished or addressed by plaintiff.
Defendant also states that in March of 1995 plaintiff was counseled that her monthly management reports were unacceptable. Defendant noted problems with plaintiff concerning vacation requests, preparation of a transition plan in conjunction with a layoff, and defendant's failure of a government audit for which plaintiff was responsible. Defendant also cites to a pattern of decreasing salary increases and to plaintiff's placement on probation as evidence that she was not meeting defendant's legitimate job expectations. Finally, defendant relies on the November 27, 1995 meeting wherein plaintiff was told that she would no longer be the Manager Purchasing but would be transferred to a newly created position.
Plaintiff responds by arguing that defendant's job expectations were not legitimate. Plaintiff relies on a 1992 review which rated her as competent plus; a 1993 Individual Development File Report which generally reflected the 1992 assessment of her skills and competence; Stewart's comments to plaintiff when she complained of how Stewart treated her, such as "That's just a woman's viewpoint" and "You believe that because you are a woman"; her problems with Mr. Stewart concerning her time off and his placing her on probation; the assigning of additional duties to her, which plaintiff describes as impossible demands; and the denial of bonus pay and decreases in her salary increases in 1991-94.
The 1992 review and the 1993 Individual Development File Report are too far removed in time from the date that plaintiff suffered any of her complained of adverse employment actions to be relevant. Miller v. Citizens Security Group, Inc., 116 F.3d 343, 346 (8th Cir.1997). Additionally, her complaints about the denial of bonus pay and decreases in her salary increases in 1991-94 do not establish that defendant's job expectations were illegitimate. Conversely, defendant's documented expectations with regard to plaintiff's management and writing skills were clearly legitimate. Ziegler v. Beverly Enterprises-Minnesota, Inc., 133 F.3d 671, 675 (8th Cir.1998) (leadership and people skills are legitimate job expectations for an administrator).
Plaintiff's complaints about the assigning of additional duties to her also fails. Merely assigning plaintiff additional duties does not establish that defendant's job expectations were illegitimate. Federal courts do not sit as a super personnel department reviewing the wisdom or fairness of business decisions, except to the extent that those judgments involve intentional *1245 discrimination. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir.1995). An onerous workload is not in and of itself evidence of intentional sex discrimination.
Additionally, plaintiff's complaints about Stewart's comments fail to show that defendant's expectations were illegitimate. Plaintiff does not explain the context of Stewart's comments to her or give any time frame for them. Moreover, the comments, even if inappropriate, do not necessarily evidence any illegal discriminatory animus on the part of Stewart. At most, they show Stewart's perception of plaintiff's reaction to Stewart's treatment and do not show that Stewart believed that plaintiff should be treated less favorably because she was a woman.
Lastly, plaintiff does not dispute the accuracy or the content of the evaluations made by Stewart in 1994, which document how and the degree to which plaintiff's work performance was unsatisfactory. Thus, plaintiff has failed to establish her prima facie case of discrimination by failing to show that defendant's job expectations were illegitimate.[3]

B. PLAINTIFF'S PRIMA FACIE CASE OF RETALIATION

Defendant next argues that plaintiff has offered no evidence of similarly situated males who were treated differently despite comparable deficiencies, or of individuals who had not complained of discrimination and who were treated preferentially. Thus, defendant claims that plaintiff has not established her prima facie retaliation claim based on her being put on probation. Defendant also argues that plaintiff was never demoted, as only a lateral move was discussed with her. Thus, defendant claims that plaintiff's prima facie case for retaliation based on her being demoted also fails.
Plaintiff was not required to offer evidence of similarly situated males who were treated differently despite comparable deficiencies, or of individuals who had not complained of discrimination and who were treated preferentially, to establish her prima facie retaliation claim based on her being put on probation. Neither of these factors are part of a prima facie case of retaliation. Thus, defendant's argument that plaintiff failed to establish her prima facie case of retaliation by being placed on probation fails.
Conversely, plaintiff has not established that she suffered any adverse employment action in connection with her claim that she was demoted. The evidence shown that plaintiff was never demoted. Rather, Mr. Stewart approached plaintiff about creating a new lateral position for her at the same rate of pay. Mr. Stewart had done this same thing with plaintiff's predecessor, Terry Newcom. Plaintiff never pursued this offer. Thus, plaintiff never suffered a materially significant disadvantage, as required, Harlston, supra,Manning, supra, and her prima facie case for retaliation based on her being demoted fails.

C. DEFENDANT'S RATIONALE AND PLAINTIFF'S CLAIM OF PRETEXT

Since the Court has found that plaintiff has established a prima facie case of retaliation based on defendant's putting her on probation, the Court must now move its examination to the next phase.[4] The burden now shifts to defendant to articulate a legitimate, nondiscriminatory reason for its actions. Breeding, supra. If defendant meets that burden, then plaintiff *1246 bears the burden of showing that defendant's stated reason was a pretext for unlawful discrimination. Id. This requires plaintiff to show both that defendant's proffered reasons for its actions were false and that intentional discrimination was the true reason for its actions. O'Sullivan v. Minnesota, 191 F.3d 965, 968 (8th Cir. 1999) A plaintiff can prove pretext by showing disparate treatment. Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir.1994). However, the plaintiff must show that she and the disparately treated other employees were similarly situated in all relevant respects. Id.
Defendant claims that it had legitimate business reasons for its actions. As to plaintiff being put on probation, defendant claims that the record shows that the probation occurred due to her unacceptable job performance. Defendant further states that the record is devoid of any evidence that she was placed on probation due to her sex. Finally, defendant argues that plaintiff has offered no evidence of similarly situated males who were treated differently despite comparable deficiencies, or of individuals who had not complained of discrimination and who were treated preferentially.
Plaintiff offers no argument or facts to counter defendant's arguments. Thus, the Court is left with a record showing plaintiff's failure to meet performance goals and her subsequently being placed on probation, and no showing whatsoever that this was done in retaliation for her complaints about Stewart.
Defendant also offers legitimate, nondiscriminatory reasons for its actions that plaintiff claims showed discrimination. Defendant argues with regard to the denial of after vacation request and the vacation coverage issue in August 1995 that it was only after plaintiff failed to respond to Stewart's first request that he asked for a plan for coverage in writing. Defendant further claims that there is no evidence that plaintiff was required to provide this plan as a pretext for sex discrimination, as this same requirement is imposed on male managers. Finally, defendant notes that plaintiff's vacation request was granted after she submitted a plan.
Plaintiff fails to successfully counter these arguments. Although plaintiff claims that she was denied vacation on two other occasions, whereas male managers were never so denied, she offers no competent evidence in support. Plaintiff's only evidence is what she claims other managers told her, which is inadmissable hearsay. Such evidence cannot defeat a motion for summary judgment. Johnson v. Baptist Medical Center, 97 F.3d 1070, 1073 (8th Cir.1996)
With regard to the additional job responsibilities that were assigned to plaintiff,[5] defendant claims that a reduction in the work force required the elimination of one buyer in plaintiff's department. Furthermore, defendant states that plaintiff was directed to devise a plan to absorb the duties of the laid off employee, and it was plaintiff who assigned such duties and assigned to herself additional duties. Defendant argues that there is no evidence adduced by plaintiff of any similarly situated male manager. Thus, defendant argues that this belies any finding of intentional discrimination.
Although plaintiff argues that no male manager was required to perform such duties, the record shows that no other manager was in the same position as plaintiff of having to assign work previously performed by a laid off employee. Furthermore, plaintiff assigned herself these duties.
*1247 Plaintiff's inability to perform the demands of her job as defendant expected, defendant requiring all of its managers to submit written coverage plans when they take a vacation, and plaintiff being assigned duties based on plaintiff's own plan constitutes legitimate, nondiscriminatory reasons for defendant's actions. Breeding, supra. Thus, since defendant met its burden and rebutted the presumption of discrimination raised by plaintiff's prima facie case, plaintiff must now show that defendant's stated reasons were a pretext for unlawful discrimination. Breeding, supra.
In response, plaintiff argues she made numerous complaints to management regarding the manner in which Stewart treated her and as to the conditions of her employment. Furthermore, plaintiff claims that after each complaint Stewart progressively compounded her job tasks and withheld benefits and wages. Thus, plaintiff concludes that the tangible job detriments she suffered were not the result of legitimate business expectations, but were a retaliatory response to plaintiff's complaints of sex discrimination.[6]
Plaintiff's complaints to management about Stewart fail to offer any probative evidence of pretext. Plaintiff complaining to upper management that she felt she was being treated differently because she was a woman does not prove that she was in fact treated differently because of her sex. Plaintiff does argue that her predecessor and successor were males and were treated differently than her. But plaintiff fails to offer any specific evidence that directly reflects a sufficient discriminatory attitude from which the inference could be drawn that she was treated differently because of her sex. Nelson, supra. Plaintiff's bare, conclusory allegations that the job detriments she suffered were not the result of legitimate business expectations, but were a retaliatory response to plaintiff's complaints of sex discrimination, are insufficient. Feltmann v. Sieben, 108 F.3d 970, 976 (8th Cir. 1997),cert. denied, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).
Furthermore, there is no showing that the male managers plaintiff compares herself to were similarly situated in all relevant respects. Harvey, supra. Defendant notes that one of the buyers that plaintiff supervised was let go, which resulted in an increased workload for plaintiff, but that no other manager that plaintiff relies on to support her claims lost a buyer due to layoff. Plaintiff hones in on what she sees as different treatment and deduces that it was due to her sex, but fails to offer any tangible evidence showing any nexus between such treatment and her sex.
Additionally, increasing plaintiff's workload due to a layoff and withholding benefits for legitimate nondiscriminatory reasons offers no support for any claim that defendant's proffered reasons were a pretext for intentional discrimination. And the fact that plaintiff received lesser raises supports rather than undercuts defendant's claim that her performance was deficient. Instead, it reinforces defendant's explanation that it found plaintiff's performance unsatisfactory. Miller, 116 F.3d at 347. Had plaintiff received regular, undiminished raises, defendant's arguments of poor performance as the reason for its actions would be less persuasive.
Finally, plaintiff repeatedly cites to the fact that her successor has never had a written evaluation, whereas Stewart routinely evaluated her as required by defendant's policy. Plaintiff fails to show the relevance of this fact or how defendant performing evaluations of her as mandated by defendant's policies constitutes evidence *1248 of unlawful discrimination. There is nothing inherently discriminatory in performing or not performing evaluations, and in the absence of any other evidence of intentional discrimination, the fact that her male-successor was not evaluated proves nothing.
There is a total lack of evidence that defendant's actions were based on an illegal discriminatory animus toward her. Plaintiff seems to assume that since she is in a protected class and an adverse employment action occurred, she has established a prima facie case of discrimination. However, Title VII is not a strict liability statute and, like anyone else, a person who falls within its scope is still subject to adverse employment actions when he/she cannot adequately perform his/her job. It requires more than plaintiff's status as a member of a protected class and an unrelated adverse employment action to establish liability on the part of defendant. Plaintiff must show a nexus between the complained of acts and her sex and that defendant's explanations were a pretext for intentional discrimination.
The record is devoid of evidence that plaintiff's was treated differently because of her sex. The Court sees no reason to question defendant's well-documented explanations for the actions it took. Plaintiff has failed to show the existence of facts which would permit a jury to conclude that defendant's explanation for its actions were pretextual and that intentional discrimination was the true reason for its actions.

D. PLAINTIFF'S CLAIM OF WRONGFUL DISCHARGE

Defendant also argues that any claim for wrongful discharge fails, as nowhere within plaintiff's complaint does she allege a claim of wrongful termination/discharge. However, in paragraph 29 of plaintiff's complaint there is an allegation that "[A]s a result of Defendant's conduct in wrongfully discharging Plaintiff ..."
Defendant next argues that plaintiff's single Charge of Discrimination filed with the EEOC does not allege termination or constructive discharge and, thus, such claim cannot be brought here for the first time. In response, plaintiff argues that in her Charge of Discrimination she checked the boxes "Sex" and "Retaliation" and that it could reasonably be expected that a constructive discharge claim would grow out of the investigation of her charge had an investigation been conducted.
A plaintiff who wishes to bring a claim under Title VII is first required to exhaust his administrative remedies. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996). This requires a plaintiff to timely file charges with the EEOC and receive a "right to sue letter." Id. A plaintiff is deemed to have exhausted his administrative remedies only as to those allegations contained in a judicial complaint that are "like or reasonably related" to the charges submitted to the EEOC. Wallin v. Minn. Dept. of Corr., 153 F.3d 681, 688 (8th Cir.1998), cert. denied, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).
It is undisputed that plaintiff failed to allege any facts in her EEOC charge that she was wrongfully discharged. There is no automatic connection between allegations of age, retaliation, and sex discrimination and a claim of wrongful discharge. Plaintiff's present claim of constructive discharge cannot be said to be reasonably related to the claims she raised in her EEOC charge. See Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222-23 (8th Cir.1994).
Additionally, plaintiff's EEOC claim never put defendant on notice that plaintiff was raising a claim of constructive discharge. See Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir.1986) (purposes of charge requirement are to allow informal resolution and to give employer notice of the claim). Furthermore, the Court is prohibited from "inventing, ex nihilo, a claim which simply was not made." Shannon, 72 F.3d at 685. There simply is *1249 nothing in plaintiff's EEOC charge showing that she was raising any claim of constructive discharge.[7] Defendant is entitled to summary judgment.
Since the Court has granted defendant's motion for summary judgment, defendant's additional motions for partial summary judgment and to compel and to strike are denied as moot.
IT IS HEREBY ORDERED that defendant's motion for summary judgment (Dkt.# 70) is GRANTED.
IT IS HEREBY FURTHER ORDERED that defendant's motion for partial summary judgment (Dkt.# 71) and to compel and to strike (Dkt.# 54) are DENIED as moot.
NOTES
[1] Plaintiff also raised a claim of age discrimination, but she voluntarily dismissed that claim.
[2] Plaintiff also alleges in her complaint that she was denied vacation on two other occasions, whereas male managers were never denied vacation requests.
[3] In light of the Court finding that plaintiff has not established the second element of her prima facie case of discrimination, the Court declines to examine whether she established the fourth element of her prima facie case.
[4] Although the Court has already found that plaintiff failed to establish a prima facie case of discrimination, the Court will assume arguendo in this discussion that plaintiff has also established a prima facie case of discrimination.
[5] Defendant argues in part that plaintiff's claim that she alone was required to perform the buying functions and governmental audits fails because her predecessor and successor performed the same functions. A close reading of the record, however, does not undisputedly support defendant's assertions. Thus, since there exists a genuine dispute on this issue, it cannot be a basis for summary judgment.
[6] Plaintiff also claims that she was denied a raise in February 1994 as punishment for her taking too much time off for surgery and jury duty. Plaintiff states that she never heard or observed any male manager being treated in this way. Plaintiff cannot withstand summary judgment based on what she did not hear or observe. Moreover, plaintiff admits that she received the raise in April of 1994 retroactive to February after complaining to the Human Resource Director.
[7] Furthermore, the facts do not support plaintiff's claim that it was reasonable to expect that a constructive discharge claim would have been discovered if an investigation had been conducted. A constructive discharge arises only when a reasonable person would find the conditions of employment intolerable. To act reasonably, an employee has an obligation not to assume the worst and not to jump to conclusions too quickly. Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir.1996). Plaintiff has assumed that she was treated unfairly and, thus, constructively discharged. That is insufficient. Clowes v. Allegheny Valley Hosp., 991 F.2d 1159, 1162 (3rd Cir.1993) ("unfair and unwarranted treatment is by no means the same as constructive discharge"); Stetson v. NYNEX Service Co., 995 F.2d 355, 361 (2nd Cir.1993) (employee's dissatisfaction with assignments and criticism of his work insufficient to establish constructive discharge).