### Deanna HAYNES, Plaintiff,

v.

### REEBAIRE AIRCRAFT, INC., Defendant.

#### No. 00–2149.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

May 16, 2001.

William F. Mertins, Jr., Wayne Krug, Harrington & Associates, P.A., Springdale, AR, for Plaintiff.

E. Diane Graham, Robert Christopher Parks, Ledbetter, Hornberger, Cogbill, Arnold & Harrison, Fort Smith, AR, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

On this 16th day of May 2001, there comes on for consideration, Defendant's Motion for Summary Judgment. (Doc. # 6). For the reasons stated herein, the Court finds Defendant's Motion for Summary Judgment should be and hereby is GRANTED.

### I. Background

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging she was subjected to a sexually hostile and offensive environment and retaliation by her employer, Reebaire Aircraft, Inc. ("Reebaire"). In addition, Plaintiff makes a claim of wrongful termination in violation of the Arkansas Civil Rights Act of 1993, Arkansas Code Annotated § 16–123–101 et seq. Plaintiff further makes state law tort claims for outrage or intentional infliction of emotional distress and negligent supervision. Plaintiff seeks reinstatement to her former position with full seniority and full benefits, back-pay, front-pay, prejudgment interest, and injunctive relief, as well as, compensatory and punitive damages, attorneys fees and costs.

Jurisdiction is proper under the general federal question statute, 28 U.S.C. § 1331. The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear the claims based upon state law.

As this is a summary judgment motion, we will, as required, view the facts in the light most favorable to Plaintiff. Plaintiff began working at Reebaire on November 24, 1997 as a part-time employee and became a full-time employee on February 26, 1998. (Doc. # 10, p. 2). She was transferred to a receptionist position in Reebaire's front office on October 7, 1998. (Doc. # 8, p. 1). Her supervisor at this time was Deedee Ozanich. (Doc. # 8, p. 1).

On September 17, 1999, Plaintiff reported to the Human Resources Director, Mary Willcoxon, that Richard Bahr, another Reebaire employee, had made comments to her and engaged in behavior that she felt to be inappropriate and which constituted sexual harassment. (Doc. # 10, p. 2). Plaintiff's allegations included Bahr kissing her, touching her legs, grabbing her buttocks, and suggesting that he go to her house for drinks. (Doc. # 6, Exh. A). Plaintiff requested that her address be removed from the employee roster and replaced with her post office box which was done immediately. (Doc. # 6, Exh. A, p. 56).

Willcoxon then met with Plaintiff's supervisor, Ozanich, on September 17, 1999 and both met with Plaintiff concerning her allegations. (Doc. # 6, Exh. 2, p. 12). The same day, Willcoxon and Ozanich met with Richard Bahr to discuss the allegations. (Doc. # 6, Exh. 2, p. 12). Bahr initially denied the allegations but admitted some inappropriate conduct when Willcoxon and Ozanich met with him again on September 20, 1999. (Doc. # 6, Exh. 2, p. 13).

Following this meeting on September 20, 1999, Eric Seitzberg, Vice President for operations and Bahr's supervisor, gave Bahr a written and verbal warning and advised him that any future similar conduct would result in his termination. (Doc. # 6, Exh. D). Bahr also apologized to Plaintiff for his conduct. (Doc. # 6, Exh. A, p. 64).

Reebaire prepared a statement dated September 20, 1999 detailing the allegations, Reebaire's response, Bahr's disciplinary action to include his apology, and Reebaire's policy on sexual harassment. (Doc. # 6, Exh. A, Exh. 2). Reebaire requested that Plaintiff sign the statement indicating that she was satisfied with the

actions taken by Reebaire regarding her allegations. (Doc. # 6, Exh. A, Exh. 2). Plaintiff refused to sign the statement. (Doc. # 6, Exh. A, p. 98).

On September 28, 1999, Plaintiff again met with Ozanich and Willcoxon to discuss Bahr's behavior. (Doc. # 6, Exh. A). During this meeting, Plaintiff complained that Bahr was being too obvious about avoiding any contact with her and was "jumping out of her way" if she walked past him. (Doc. # 6, Exh. A). Bahr was asked to stop any such actions, but Seitzberg, Willcoxon, and Ozanich discussed the incident and determined they did not warrant Bahr's termination. (Doc. # 10, p. 2 and Exh. 2, p. 13). On September 29, 1999, Ozanich again met with Plaintiff to ask her if she was "still feeling uncomfortable" and offered her two alternative positions within the company. (Doc. # 6, Exh. A). Bahr was terminated on October 6, 1999 for reasons unrelated to Plaintiff's allegations. (Doc. # 10, p. 2).

In mid-October 1999, Plaintiff alleges she was moved from the front desk to a small desk facing the wall in the same front office and assigned menial tasks. (Doc. # 10, Haynes Affidavit). Plaintiff was terminated in December 1999, approximately three months after filing her claim for sexual harassment. (Doc. # 10, Haynes Affidavit). Reebaire asserts that Plaintiff was fired due to her excessive absenteeism, tardiness and mismanagement of the company's petty cash fund. (Doc. # 7, p. 2).

## II. Discussion

### A. Standard of Review

The Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In reviewing a summary judgment motion, the court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* FED. R.CIV.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999). Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists. *See* FED.R.CIV.P. 56(e). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, rather, he must convince the court that there is sufficient evidence to support a jury verdict in his favor. *See National Bank of Commerce*, 165 F.3d at 607. In order to withstand Defendant's motion for summary judgment, Plaintiff must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992).

### B. Title VII Sexual Discrimination

In order to establish a prima facie case of a hostile work environment, Plaintiff must demonstrate (1) that she is a member in a protected group; (2) that she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of employment; and (5)

the employer knew or should have known of the harassment and failed to take proper remedial action. *Stuart v. General Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000).

 Without question Plaintiff had a legitimate complaint about the conduct of a fellow employee, but she cannot establish a prima facie case, because she failed to establish the fifth element. The Plaintiff reported the sexual harassment and, thus, Reebaire knew of the harassment, but Plaintiff has not established that Reebaire failed to take prompt and remedial action reasonably calculated to end the harassment. *See Carter v. Chrysler Corp.*, 173 F.3d 693, 702 (8th Cir.1999). Factors the Court may consider when assessing the reasonableness of Reebaire's remedial measures include the time elapsed between the notice of harassment, which includes but is not limited to a complaint of sexual harassment, and the remedial action, and the options available to the employer to include employee training sessions, disciplinary action taken against the harasser, reprimands in personnel files, and terminations, and whether or not the measures ended the harassment. *See id.*

Reebaire's response to Plaintiff's complaint was both prompt and adequate. Plaintiff complained about Bahr's behavior to Willcoxon on September 17, 1999. Willcoxon immediately informed Plaintiff's supervisor, Deedee Ozanich, and they met with Plaintiff the same day. Willcoxon and Ozanich also met with Bahr that day and again the following Monday, September 20, 1999. Bahr's supervisor, Erik Seitzberg, met with him and issued a written and verbal warning advising him that any conduct of a similar nature would result in his termination. Plaintiff again complained about Bahr's behavior stating that he was being too obvious about trying to avoid her in the office. Bahr was warned about this behavior, as well. These measures were sufficient to end the harassment as far as Reebaire knew, and Plaintiff has presented no evidence to the contrary.

Assuming that Plaintiff could satisfy all the other elements of a sexually hostile work environment claim, the Court finds that Reebaire's response was prompt and adequate. As Plaintiff has provided no evidence to show that Reebaire failed to take prompt and remedial action reasonably calculated to end the harassment, she has failed to demonstrate a prima facie case for sexual discrimination under Title VII. Therefore, the Court finds that Defendant should be and hereby is GRANTED summary judgment on Plaintiff's sexual harassment claim.

## C. Title VII Retaliation

Title VII of the Civil Rights Act also makes it unlawful for employers to retaliate against an employee or applicant for employment because that person "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). In order to establish a prima facie case of retaliatory discrimination, Plaintiff must show that she engaged in protected activity, that an adverse employment action was taken against her, and that there was a causal connection between the two. *See Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).

If Plaintiff can establish her prima facie case, a "legal presumption of unlawful discrimination exists." *Stuart*, 217 F.3d at 634 (8th Cir.2000). The burden then shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the adverse action. *See id.* If the employer articulates a legitimate reason for his or her action, the plaintiff must then demonstrate that the employer's stated reason is pretextual and that the real reason for the

adverse action was unlawful sex discrimination. *See id.*

Reebaire argues that Plaintiff has failed to establish a prima facie case for retaliation or, alternatively, that she has failed to show that Defendant's articulated reason for terminating Plaintiff's employment was a pretext for discrimination. Defendant alleges that it terminated Plaintiff's employment because of Plaintiff's excessive absenteeism, tardiness, and mismanagement of the company's petty cash fund. (Doc. # 7, p. 2).

Here, Plaintiff alleges that she was fired for filing a sexual harassment complaint and that this adverse action is causally linked to the protected activity because they were close in time. Plaintiff further alleges that Reebaire's proffered reason for her termination is merely pretextual, because in the past it had always dealt with Plaintiff's excessive absenteeism by merely counseling her.

■ Plaintiff contends that the fact that she was terminated approximately three months after filing her complaint of sexual harassment is sufficient to establish a causal connection. Plaintiff alleges that she was moved to a smaller desk and given menial tasks within a month of the filing of her complaint. "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." *Stuart,* 217 F.3d at 635 (8th Cir.2000) (citations omitted). Therefore, we are left with Plaintiff's allegation that she was given a smaller desk and menial tasks.

Plaintiff claims that her job duties changed after Reebaire filled a vacant position in the front office on October 18, 1999. However, Plaintiff admitted in her deposition that her job duties merely reverted to what they were when Reebaire had both front office positions filled before. (Doc. # 11, Ex. A, pp. 165–66). She further stated that her pay did not decrease, her supervisor did not change, her work hours did not change, and her fringe benefits did not change. (Doc. # 11, Ex. A, pp. 148–49). Changes in duties or working conditions that cause no materially significant disadvantage, such as reassignment, are insufficient to establish the adverse conduct required to make a prima facie case. *Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir.1994) citing *Spring v. Sheboygan Area School Dist.,* 865 F.2d 883 (7th Cir.1989). Therefore, Plaintiff has failed to establish the requisite elements for a prima facie case of retaliation.

■ Even if Plaintiff could make a prima facie case of retaliation, her claim would fail because she cannot establish that Reebaire's reason for her termination is false and a pretext for retaliation. Plaintiff concedes that Reebaire has produced evidence of her absences and tardiness (Doc. 10, pp. 5–6), and she does not deny cashing an insufficient funds check in the company's petty cash fund. However, Plaintiff argues that the reason articulated by Defendant is pretextual, because Plaintiff had a long history of being late for or absent from work and was only given verbal or written warnings until after she complained about Bahr's behavior. (Doc. # 10, p. 6). Having entered into an employment at will contract, Defendant was legally entitled to terminate Plaintiff's employment for any reason, so long as its reason was not illegal. Defendant's proffered explanation, that Plaintiff was terminated because she was continuously late or absent and misused Defendant's petty cash fund, is a legitimate one.

At some point, there was a change in Reebaire's attendance policy to more closely monitor employees. (Doc. # 10, p. 6). A memo reinforcing Reebaire's attendance policy was circulated on October 8,

1999. (Doc. # 11, p. 14). Erik Seitzberg spoke with Plaintiff on November 2, 1999, because her absenteeism was causing a strain on other personnel. (Doc. # 11, Ex. B, p. 17). He informed her of the importance of complying with Reebaire's absenteeism policy and that further violation of it could result in her termination. (Doc. # 11, Ex. B, p. 17). Additionally, Plaintiff does not deny mismanaging the company's petty cash fund.

The Court is satisfied that Defendant's proffered reason for firing Plaintiff was neither discriminatory nor a pretext for discrimination. As Plaintiff has failed to provide any evidence tending to show that she was fired for having engaged in protected activity under Title VII, the Court finds she has failed to establish a prima facie case for retaliatory discrimination, and Defendant's motion for summary judgment on this issue should be and hereby is GRANTED.

### D. State Law Claims

Plaintiff does not object to a partial summary judgment as to her claims of outrage and negligent supervision. However, she maintains a claim of wrongful termination in that she was terminated in violation of the public policy of the Arkansas Civil Rights Act and Title VII. The Court finds that this claim is without merit and should be dismissed.

Plaintiff cannot demonstrate a prima facie case as to her public policy argument, because, as the Court has already indicated, Plaintiff has failed to provide any evidence showing that she was fired for following a process made available to her by law. Plaintiff has provided nothing beyond mere speculation to support her argument that she was fired for reasons other than her violation of Reebaire's absenteeism policy and her mismanagement of the company's petty cash fund.

### III. Conclusion

For the reasons stated herein, the Court finds that Defendant's Motion for Summary Judgment should be and hereby is GRANTED. Accordingly, this case is dismissed in its entirety, WITH PREJUDICE, each party to bear its own costs.

IT IS SO ORDERED.